OPINION
{¶ 1} Defendant-appellant Voni-Kevin Brewer appeals from the denial of his motion for leave to file a delayed motion for a new trial. Brewer contends that the trial court abused its discretion by denying his motion.
 {¶ 2} We conclude that the trial court did not abuse its discretion by denying Brewer's motion for leave to file a delayed motion for a new trial. An affidavit and subsequent testimony of two trial identification eyewitnesses did not significantly undermine the State's case against Brewer. One witness may have overstated, in her trial testimony, the length of time she had worked with Brewer before the alleged criminal offense, but she worked with him for two months, which was long enough to have familiarized herself with his features. The other witness averred in her post-trial affidavit that she was pressured into identifying Brewer, but she did not aver that he was not the perpetrator, merely that she was not sure that he was, and her trial testimony reflected her lack of certainty, containing an estimate that she was 85 — 90% sure that he was the perpetrator. Trial court could properly conclude that the facts offered in support of defendant's motion, if known to the jury would not likely have changed the result. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In 1999, Brewer was convicted of Aggravated Robbery with a firearm specification and was sentenced accordingly. Brewer appealed. This court issued an opinion and judgment affirming the conviction and sentence. See, State v. Brewer
(Mar. 17, 2000), Montgomery App. No. 17766.
 {¶ 4} A brief recap of the facts set forth in our prior opinion is necessary to this appeal. A Taco Bell restaurant located on Main Street in Dayton was robbed in 1999. The robber wore a nylon stocking over his face. Brewer, supra. Three employees, Amy Dodson, Giovanni Chenault and Theodora Taylor, were working at the restaurant during the robbery. Id. Following the robbery, the three employees gave written statements to the police; none of which identified Brewer as the robber. Id. The following day Dodson identified Brewer. Id.
 {¶ 5} During the trial for Aggravated Robbery, the State presented the testimony of Dodson and Chenault. Dodson testified that she had worked with Brewer at the Taco Bell on Main Street for about two weeks prior to the robbery. Id. She also testified that she had worked with him for six months at a Taco Bell located in Moraine and that they had also worked together at a third Taco Bell for about six months. Id. On cross-examination, Dodson "admitted that she had `probably' only worked with him at the Moraine restaurant for two months, rather than six." Id.
 {¶ 6} Chenault testified that she was not positive that Brewer was the robber. Id. However, she did identify the robber's voice as Brewer's and she testified that she "associated the robber's build and eyes with Brewer." Id.
 {¶ 7} Several years after his conviction, on December 9, 2002, Brewer, through counsel, filed a motion seeking permission to file a delayed motion for a new trial. The motion was based upon a claim of newly discovered evidence: specifically, evidence that Brewer contends undermines the credibility of Dodson and Chenault.
 {¶ 8} In the motion, Brewer first claims that Chenault recanted her identification of him as the robber. In support, he attached an affidavit prepared by Chenault in which she notes that she did not identify Brewer in her written statement. Chenault also avers that she would not "blame some one that [she knew] didn't do it." The affidavit further avers that "if [she] was never threaten [sic] by the police, [she] wouldn't of never went [sic] to court." The affidavit was executed in July of 1999.
 {¶ 9} Brewer's motion next claims that "a subsequent civil suit against Dodson produced documentary evidence that contradicted her trial testimony. * * * More specifically, it was established in the civil case that Dodson grossly exaggerated her work contacts with Brewer. This new evidence renders Dodson's identification utterly suspect." Brewer did not submit any documentary evidence in support of this claim. The trial court denied Brewer's motion for leave to file a delayed motion for new trial. In its decision, the trial court determined that the motion was untimely and that the cited evidence would not have changed the outcome of the trial. From this decision Brewer appeals.
 II {¶ 10} Brewer's sole Assignment of Error is as follows:
 {¶ 11} "The trial court erred in overruling appellant's motion for leave to file a delayed motion for a new trial."
 {¶ 12} Brewer contends that the trial court abused its discretion by denying his request for leave to file a delayed motion for a new trial.
 {¶ 13} The Ohio Supreme Court set forth a six-part test for granting a new trial based on newly discovered evidence. Statev. Petro (1947), 148 Ohio St. 505. "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." Id.
 {¶ 14} The granting of a motion for a new trial based on newly discovered evidence lies within the trial court's discretion. State v. Williams (1975), 43 Ohio St.2d 88, 93. A reviewing court will not disturb the trial court's decision unless the record demonstrates an abuse of that discretion. Id. The decision of whether a hearing is warranted upon such a motion, also lies soundly within the discretion of the trial court. State v. Clark (Nov. 22, 2000), Montgomery App. No. 17839, citation omitted.
 {¶ 15} We turn first to the claim that evidence discovered during the civil trial against Dodson reveals that her testimony was not trustworthy. Brewer's motion does not set forth any evidence to support this claim. Instead, it merely contains the assertion that Dodson "grossly exaggerated" her work contact with Brewer.
 {¶ 16} While Dodson initially testified that she had worked with Brewer for about six months at the Moraine restaurant, she admitted on cross-examination that she had probably only worked with him for about two months at that particular restaurant.
 {¶ 17} The record supports a finding that Dodson and Brewer did work together at three different Taco Bell restaurants, including the one that was robbed. Nothing in Brewer's motion refutes that claim. The record also reveals that Dodson was able to identify Brewer by his voice and by the fact that she was able to "distinctly view his features beneath the nylon hose he was wearing" at the time of the robbery. Again nothing in Brewer's motion rebuts this testimony. We conclude that whether Dodson correctly testified with regard to the amount of time that she worked with Brewer does not create a strong probability that the jury's decision to credit her identification testimony would be affected by any newly discovered evidence. This is especially true in the absence of any documentary evidence corroborating Brewer's claim.
 {¶ 18} More problematic is the issue regarding Chenault's recantation of her identification testimony. If, as Chenault avers, she was harassed or threatened by any representative of the State, that is misconduct that should be investigated. However, Chenault's recantation of her trial identification testimony is weak, at best. In her affidavit, Chenault does not aver that Brewer was not the perpetrator, but avers merely that she was not sure that he was. At trial she testified that she was 85 — 90% sure that the perpetrator was Brewer, and in her affidavit she does not contradict this assessment. In short, the jury was apprised of the fact that Chenault was less than 100% confident of her identification of Brewer as the perpetrator. Therefore, it is unlikely that the jury would reach a different result if it were made aware of Chenault's subsequent affidavit, which, besides alleging that she was pressured into making an identification, merely indicates that she is less than sure that Brewer is the perpetrator.
 {¶ 19} Specifically, Chenault testified that she could see the robber's eyes and nose through the hose. This claim is not recanted in Chenault's affidavit, and serves to corroborate Dodson's testimony that Dodson could see the robber through the hose. Also, although Chenault testified that she was not positive that the robber was Brewer, she testified that she associated his voice, build and eyes as Brewer's. This testimony is not recanted in her affidavit, and again serves to corroborate Dodson's identification testimony.
 {¶ 20} From our review of the record, we cannot say that the trial court abused its discretion by denying the motion for leave to file a motion for a new trial. Accordingly, Brewer's sole Assignment of Error is overruled.
 III {¶ 21} Brewer's sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
Brogan and Young, JJ., concur.