[Cite as *State v. Johnson*, 2016-Ohio-4889.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                          :

                                      :   Appellate Case No. 26795

       Plaintiff-Appellee                           :

                                        :   Trial Court Case No. 1991-CR-1751/1

v.                                                             :

                                        :   (Criminal Appeal from

DERRICK L. JOHNSON                             :    Common Pleas Court)

                                        :

       Defendant-Appellant                        :

                                        :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 8th day of July, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
       Attorney for Plaintiff-Appellee

DERRICK L. JOHNSON, No. 254-768, Post Office Box 209, Orient, Ohio 43146
       Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1} Derrick L. Johnson appeals pro se from the trial court's July 16, 2015 decision, order, and entry overruling his Crim.R. 33 motion for leave to file a delayed new-

trial motion based on newly-discovered evidence.

{¶ 2} The record reflects that a jury convicted Johnson in 1992 on two counts of aggravated murder, one count of attempted aggravated murder, and one count of aggravated robbery. The charges stemmed from his participation in a home-invasion robbery and shooting that involved the theft of cocaine. The victim of the attempted aggravated murder, Ralph Allen, was a key prosecution witness at Johnson's trial.

{¶ 3} Johnson filed his pro se motion for leave to file a delayed new-trial motion on June 19, 2015.[1] (Doc. #6). Therein, he argued that he had obtained newly discovered evidence undermining the validity of his 1992 convictions. The evidence consisted of April 2003 testimony by Allen in connection with a federal-court sentencing hearing for another defendant, Keith DeWitt.

{¶ 4} In his motion, Johnson argued that Allen's 2003 federal-court testimony demonstrated that Allen committed perjury when testifying against Johnson in 1992. In particular, Johnson claimed Allen's federal-court testimony revealed that Allen had failed to disclose certain facts during Johnson's criminal trial. Those facts included Allen's activity as drug dealer, Allen's contamination of the crime scene, and Allen's failure to mention the presence of two "witnesses" who fled the scene.

{¶ 5} Johnson argued that he had been unavoidably prevented from filing his new-trial motion within 120 days of the jury's verdict as required by Crim.R. 33. He asserted that he had no knowledge of the existence of the grounds for his motion (i.e., Allen's 2003

---

[1] We note that Johnson's June 19, 2015 motion for leave to file a delayed new-trial motion was his second such motion. He filed his first Crim.R. 33 motion for leave to seek a new trial on January 27, 2014. The trial court overruled the first motion in a July 2, 2014 decision, order, and entry that is the subject of a separate appeal, Montgomery Cty. App. Case No. 26339.

federal-court testimony) until much later. Attached to his motion were transcript excerpts from Allen's 1992 testimony at Johnson's trial and Allen's 2003 federal-court testimony at DeWitt's sentencing. Johnson also provided his own affidavit. Therein, he averred that he had discovered Allen's 2003 federal-court testimony through a "diligent investigation" by an attorney who had been appointed to represent him in November 2014. In his motion and affidavit, he sought an evidentiary hearing in connection with his request for leave to seek a new trial.[2]

{¶ 6} Without conducting an evidentiary hearing, the trial court overruled Johnson's motion for leave to file a delayed new-trial motion. In its July 16, 2015 ruling, the trial court agreed that he had satisfied the requirements to obtain leave to move for a new trial. It reasoned:

> Even without a hearing on the issue, the Court finds the attachments to the Defendant's motion sufficient to satisfy Crim.R. 33(A)(6)'s requirements for newly discovered evidence. The Court also accepts Defendant's representation that he could not have moved within 120 days after the guilty verdict against him for a new trial based on the evidence he now advances * * * because Allen's 2003 testimony clearly did not exist at that time. * * * Accordingly, no evidentiary hearing is necessary in order to determine that Defendant has satisfied those initial obstacles to filing a delayed motion for a new trial in this case. See Crim.R. 36(B).

(Doc. #8 at 9).

---

[2] In conjunction with his motion for leave, Johnson also moved for the appointment of counsel to assist him in obtaining in camera review of Allen's grand-jury testimony. The trial court denied his request, and that aspect of its ruling has not been raised as an issue on appeal.

{¶ 7} Despite the foregoing conclusion, the trial court reasoned that granting Johnson leave to seek a new trial would be "futile" because "the proffered subsequent testimony of trial witness Allen is inadequate as a matter of law to demonstrate a 'strong probability' that Defendant was prejudiced or denied a fair trial[.]" (*Id.*). In reaching this conclusion, the trial court recognized that it had discretion to deny a motion for a new trial without an evidentiary hearing. (*Id.*). The trial court found no hearing necessary, and no need to grant Johnson leave, where the attached transcript excerpts convinced it that his new-trial argument necessarily would fail. (*Id.* at 9-13). As a result, it concluded "that Defendant is not entitled to a new trial based on any of the newly-discovered evidence he has presented." (*Id.* at 13). This appeal followed.

{¶ 8} In his sole assignment of error, Johnson contends the trial court abused its discretion in failing to grant him an evidentiary hearing after determining that he had been unavoidably prevented from obtaining his newly-discovered evidence within 120 days of the jury's verdict. It is less clear, however, whether he is asserting that the trial court was obligated to grant him an evidentiary hearing *in connection with his request for leave* or an evidentiary hearing before essentially deciding *the merits of the new-trial issue*.

{¶ 9} Near the end of his opening brief, Johnson cites *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 7 (2d Dist.), for the proposition that an evidentiary hearing is warranted when a movant has supported his motion for leave with evidentiary materials that, on their face, demonstrate unavoidable prevention. (Appellant's brief at 9). *McConnell* involved the showing required for a defendant to obtain an evidentiary hearing as to whether he had been unavoidably prevented from filing a timely new-trial motion. In his reply brief, Johnson cites *State v. Devaugns*, 2d Dist.

Montgomery No. 25826, 2015-Ohio-452, ¶ 14, which likewise addressed the circumstances under which a defendant is entitled to a hearing on whether he should be granted leave to file a new-trial motion. (Appellant's reply brief at 4).

{¶ 10} In the present case, the trial court *conceded* that Johnson had satisfied the statutory requirements to obtain leave to move for a new trial. In that regard, Crim.R. 33(B) provides:

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. *If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.*

(Emphasis added).

{¶ 11} Here the trial court found, without the need for a hearing, that Johnson had presented clear and convincing proof that he had been unavoidably prevented from discovering Allen's 2003 federal-court testimony within 120 days of the verdict in his 1992 criminal trial. Because Allen's 2003 testimony obviously did not exist a decade earlier, the trial court held that Johnson had satisfied Crim.R. 33(B)'s "obstacles to filing a delayed motion for a new trial in this case."[3] (Doc. # 8 at 9).

---

[3] Under this court's precedent, Johnson also was required to file his motion for leave within a "reasonable time" after discovering his new evidence. *See, e.g., State v. Tubbs*, 2d Dist. Miami No. 2015-CA-14, 2016-Ohio-842, ¶ 16, citing *State v. York*, 2d Dist.

{¶ 12} The real issue on appeal is whether, after finding that Johnson had met the statutory requirements to file a delayed new-trial motion, the trial court erred in denying him leave to do so on the basis that such a motion would be "futile." As a threshold matter, we note that Johnson never actually filed a motion for a new trial in the present case. Under Crim.R. 33, a two-step process applies when a defendant seeks to file a delayed new-trial motion. First, he must obtain leave by demonstrating that he was unavoidably prevented from filing his motion within the time provided by the rule. If he makes this showing, he must file his new-trial motion within seven days of a court order granting him leave. *See* Crim.R. 33(B). This court has recognized, however, "[a] defendant may file his motion for a new trial along with his request for leave to file the such motion[.]" *State v. Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, ¶ 17. In that situation, "the trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay." (Citations omitted). *Id.*

{¶ 13} In the present case, no new-trial motion accompanied Johnson's motion for leave to file one. The trial court essentially preempted his filing of a new-trial motion, finding that it would be futile. Nevertheless, Johnson does not raise on appeal the propriety of the trial court resolving the substance of the new-trial issue in the context of his motion for leave to file a new-trial motion.[4] At best, his assignment of error suggests

Greene No. 2000 CA 70, 2001 WL 332019 (April 6, 2001). The trial court did not explicitly address the "reasonable time" issue, however, and did not deny Johnson's motion on that basis. Instead, as set forth more fully above, it addressed the substance of Johnson's new-trial evidence, which it found lacking.

[4] In any event, in *State v. Brewer*, 2d Dist. Montgomery No. 20051, 2004-Ohio-6873, which the trial court relied on below, this court upheld the denial of a motion for leave to file a delayed new-trial motion on the basis that the new evidence at issue was insufficient to warrant a new trial. Much like the present case, the trial court in *Brewer* denied a motion for leave to file a delayed new-trial motion, in part on the basis that the new evidence

he is challenging the trial court's failure *to hold an evidentiary hearing* before deciding that a new-trial motion would be futile.

{¶ **14**} To prevail on a new-trial motion, a defendant must demonstrate, among other things, that his newly-discovered evidence " 'discloses a strong probability that it will change the result if a new trial is granted[.]' " *State v. Quinn*, 2d Dist. Clark No. 2014-CA-95, 2016-Ohio-140, ¶ 13, quoting *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947). The decision whether to grant a new trial is within a trial court's discretion. Likewise, the decision whether to grant a hearing on a new-trial motion is within a trial court's discretion. *Id.* at ¶ 12. Its ruling will not be disturbed absent an abuse of discretion, which implies that its attitude was unreasonable, arbitrary, or unconscionable. *Id.*

{¶ **15**} Here we see no abuse of discretion in the trial court's determination, without a hearing, that Johnson's newly-discovered evidence was insufficient to warrant a new trial. A review of Allen's 1992 trial testimony and his 2003 federal-court testimony, excerpts of which were attached to his motion for leave, supports the trial court's finding that the latter "is inadequate as a matter of law to demonstrate a 'strong probability' that Defendant was prejudiced or denied a fair trial[.]" (Doc. #8 at 9). Moreover, the trial court acted reasonably in concluding that an evidentiary hearing was unnecessary for it to make this determination.

{¶ **16**} In its ruling, the trial court summarized the facts underlying Johnson's convictions and the evidence against him at his 1992 trial. (*Id.* at 2-3). In particular, the

---

offered in support of the defendant's motion for leave would not likely have changed the outcome of his trial. Upon review, this court held that the trial court did not abuse its discretion because "[a]n affidavit and subsequent testimony of two trial identification witnesses did not significantly undermine the State's case against [the defendant]." *Id.* at ¶ 2.

trial court quoted portions of this court's 1993 opinion in Johnson's direct appeal. (*Id.*). In that opinion, this court noted that Johnson allegedly was one of at least three assailants who went to a Jefferson Township home under the pretense of purchasing cocaine. Once inside, his accomplices shot three occupants of the home, one of whom was Allen, the sole survivor of the shooting and the only eyewitness to testify against Johnson. In its 1993 opinion, this court addressed and rejected arguments that the jury should have been better informed about Allen's questionable reliability and credibility, that the prosecution minimized Allen's involvement in drug dealing, that the prosecution attempted to bolster Allen's credibility, and that the prosecution improperly attempted to characterize the incident as a drug deal gone bad. *State v. Johnson*, 2d Dist. Montgomery No. 13449, 1993 WL 248135, *1-3 (July 7, 1993). With regard to the foregoing issues, this court reasoned:

Ralph Allen was the sole survivor of the shooting on June 29, 1991. The evidence established that during the course of the police investigation, Allen lied to the police. Allen also admitted during the trial that he had lied during his testimony at a previous trial involving another assailant. During the trial, inconsistencies between Allen's present testimony and previous testimony were demonstrated. Some of the foregoing untruthfulness was brought out by the State during its direct examination of Allen. Johnson had experienced defense counsel who appears from the record to have been provided full pretrial discovery and to have been in possession of the transcripts of Allen's prior testimony. Defense counsel skillfully utilized Allen's written statement to an investigating officer, and Allen's prior

testimony, to elicit from him admissions of untruthfulness and to demonstrate inconsistencies between his present and previous testimony.

There was no abdication of the State's obligation to "seek justice" where the State attempted to prosecute the perpetrators of two killings on the basis of the eye witness testimony of the sole survivor, and the jury was apprised by both the State's direct examination and the defendant's cross examination of the eye witness that the witness had been untruthful during the police investigation, that he had previously been untruthful under oath, and that his present testimony was in certain respects inconsistent with his prior testimony.

* * * It is apparent from the evidence that a substantial amount of cocaine was located in the house where the shooting occurred. Allen did not live at the house where the shooting occurred and testified that [Shay] Stephens was handling the cocaine that was in the house. Allen testified that he and [Isaac] Washington had journeyed earlier that morning from Allen's residence in Dayton to the house in Jefferson Township where the shooting occurred. He testified that he was not involved with the cocaine that was present at the house. There was other evidence suggesting that, relative to other individuals, Allen was not a major player in drug dealing. The prosecution so observed in its closing argument. * * *

* * * As we have observed in connection with Johnson's first contention, Allen's lack of candor with the police, untruthfulness during his previous testimony, and inconsistencies between his present and past

testimony were all before the jury at the time of the closing argument. Allen testified that he lied to the police about not knowing the identity of two of his assailants, [Keith] DeWitt and Johnson, out of fear of reprisal should he identify them. This was a plausible explanation for his initial lack of candor with the police investigating the shooting[.] * * *

* * * Johnson's defense counsel said in his opening statement that the incident was a "drug deal," and in his final argument that the incident was a "drug buy." During his cross examination of Allen, defense counsel characterized the incident as a "drug deal" and Allen implicitly agreed with this characterization. Despite Allen's testimony that he was not involved in drug dealing at the house, the evidence readily supports an inference that the assailants, two of whom entered the house without resistance by the occupants, entered under the pretense of purchasing drugs, which were in the house in ample supply, and, upon entering the house, determined, or acted upon a predetermined plan, to steal the drugs and shoot the occupants of the premises rather than pay for the drugs. The evidence certainly supported a characterization of the incident as "a drug deal (gone) awry."

*Id.* at *1-3.

{¶ 17} After reviewing this court's 1993 appellate opinion, the trial court turned to Johnson's arguments about the potential impact of Allen's 2003 federal-court testimony. In so doing, the trial court left no stone unturned, considering each cited portion of Allen's 2003 testimony in light of Allen's 1992 testimony at Johnson's trial. The trial court

reasoned as follows:

>In Defendant's attachments of what purport to be excerpts from Allen's 2003 testimony, Allen admits that he was involved with Ike Washington and Shay Stevens [the two deceased shooting victims] in "[s]elling cocaine" from April to June 1991, when the crimes of which Defendant was convicted occurred; that two unidentified Colombian drug suppliers were present in the basement of the crime scene at the time of those crimes, although Allen did not disclose that fact to anyone until 1998; and that Allen cleaned up the crime scene before police arrived by concealing "pagers and phones" and "dumping the dope . . . in the sink." (*Motion for Leave to File New Trial Motion*, attached Sentencing Hearing/Transcript of Proceedings, pp. 2, 17, 18, 21, 33, 50-51). The Court therefore agrees that such new evidence indicates that Allen did not testify truthfully at Defendant's trial when he denied selling drugs for a living (see *Motion for Leave to File New Trial Motion*, attached excerpts from trial transcript from *State v. Johnson*, Case No. 91-CR-1751, Vol. I, p. 61); withheld information about potential witnesses by failing to disclose to investigators or at trial that two Colombian drug suppliers were in the basement of the house at the time of the crimes; and also withheld information about concealing and/or destroying evidence at the crime scene.

As the appellate court's opinion on Defendant's direct appeal makes clear, however, there is no reason to believe that such new evidence would

lead to an acquittal for Defendant, or that the absence of such information otherwise denied him a fair trial. See *Johnson*, 1993 Ohio App. LEXIS 3448, at **1-7. The record before the jury already contained ample evidence and arguments casting doubt on Allen's credibility, [as] recounted by the Second District [in Johnson's direct appeal]. * * *

Knowledge of numerous instances when Allen had been less than truthful notwithstanding, the jury apparently found Allen's testimony to be credible as to the critical element of the case against this Defendant: Johnson's identity as one of the three intruders who committed the subject crimes. There is no reason to believe that the new evidence Defendant now advances would change that verdict, as such evidence is merely cumulative of existing evidence of record regarding Allen's past inconsistencies and lies. * * *

The same result follows as to new evidence that Allen was a drug dealer. Although Allen testified at trial "that he was not involved in drug dealing at the house" where the crimes occurred, see *id.*, at *7, other evidence before the jury tended to undermine the credibility of that claim. * * *

In light of the jury's awareness that Allen was present at the crime scene where drug trafficking presumably had been taking place, Allen's 2003 admission that he was involved in selling drugs at the time of the 1991 crime (see *Motion for Leave to File New Trial Motion*, attached Sentencing Hearing/Transcript of Proceedings, p. 17) does not "disclose[ ] a strong

probability" that Allen's later admission would change the result if a new trial were granted. * * * Given the jury's acceptance of Allen's identification of Defendant despite Allen's known history of lying and association with presumed drug dealers, a new jury is not likely to acquit Defendant based simply on new evidence that Allen lied about his own drug dealing. Again, such evidence is merely cumulative of other record evidence that lends Allen's credibility suspect as to facts other than his identification of this Defendant. * * *

Neither does new evidence that Allen hid or disposed of certain items at the crime scene before calling the police (see *Motion for Leave to File New Trial Motion*, attached Sentencing Hearing/Transcript of Proceedings, pp. 33, 50) warrant the relief that Defendant now seeks. Contrary to Defendant's suggestion that Allen's 2003 testimony shows he "wip[ed] down surfaces that would/could have revealed latent prints of other's [sic] that may have played key roles in the crime" (*Motion for Leave to File New Trial Motion*, Memorandum in Support, p. 1), nothing in the limited excerpts of testimony produced to this Court makes reference to Allen wiping down any surfaces at the crime scene. (*See Motion for Leave to File New Trial Motion*, attached Sentencing Hearing/Transcript of Proceedings). Moreover, even if evidence of such had been produced, neither such evidence nor the evidence in fact produced re Allen's testimony about "stash[ing]" pagers and phones and "dumping" drugs (see *id.*, pp. 33, 50) is material to Allen's positive identification of Defendant Johnson as one of the

assailants responsible for these crimes. Consequently, the new evidence regarding alterations to the crime scene admittedly made by Allen cannot be said to "disclose[ ] a strong probability that it will change the result if a new trial is granted," and Defendant is not entitled to a new trial on that basis. * * *

As to the remaining evidence advanced in support of Defendant's new trial motion, although testimony divulging previously undisclosed witnesses seemingly would present a more compelling argument for a new trial, the Court concludes that Allen's testimony about the presence of two Colombian drug suppliers in the basement at the time of these crimes (see *Motion for Leave to File New Trial Motion*, attached Sentencing Hearing/Transcript of Proceedings, pp. 18, 21, 33) also does not warrant a new trial in this case. The actual content of Allen's testimony does not support Defendant's suggestion that those two individuals "could have provided visual and or auditory testimony" (*Motion for Leave to File New Trial Motion*, Memorandum in Support, p. 7) material to his guilt or innocence. Instead, Allen's testimony indicates that those two individuals were drug suppliers from New York who remained in the home's basement throughout the time that the three intruders identified by Allen as Johnson, DeWitt, and Sinkfield were in the house. (*Motion for Leave to File New Trial Motion*, attached Sentencing Hearing/Transcript of Proceedings, pp. 21, 33). That testimony discloses no reason to believe that the two unnamed individuals saw anything relevant to Defendant's responsibility for the

crimes of which he was convicted. Given Allen's indication that such individuals were Colombians in from New York to deliver drugs to the house where the crimes occurred (see *id.*), there also is no reason to believe that those two individuals had any familiarity with the intruders which might be of benefit in identifying the perpetrators based on what the two may have been able to hear from the basement, and thus potentially exculpatory as to Defendant Johnson. Accordingly, and irrespective of very legitimate questions about the prospect of securing those two individuals' presence at trial to testify as witnesses, the mere fact that two previously undisclosed persons were in the basement at the crime scene during the crime does not "disclose[ ] a strong probability" that something perceived by those persons from that limited vantage point "will change the result if a new trial is granted." * * *

(Doc. #8 at 9-13).

{¶ 18} On appeal, Johnson does not challenge any particular aspect of the trial court's analysis. Instead, he repeatedly asserts that the trial court was obligated to grant him an evidentiary hearing. With regard to the showing needed to obtain leave to seek a new trial, no hearing was necessary. Even without a hearing, the trial court *agreed* with Johnson that he had made the requisite showing to justify his delay. The trial court denied Johnson leave, however, because his newly-discovered evidence failed to disclose a strong probability that it would change the result if a new trial were granted. The trial court was capable of making this determination by considering each cited portion of Allen's 2003 federal-court testimony in light of Allen's 1992 testimony at Johnson's trial. Under

the circumstances before us, the trial court did not abuse its discretion in finding an evidentiary hearing unnecessary to reach its conclusion. Nor do we find an abuse of discretion in the trial court's substantive determination that Allen's 2003 federal-court testimony would be unlikely to change the result if a new trial were granted. The trial court cogently and correctly analyzed Johnson's newly-discovered evidence and set forth valid reasons supporting its determination that pursuing a new-trial motion premised on Allen's 2003 testimony would be futile. We cannot say that the trial court's thorough analysis, quoted above, is unreasonable, arbitrary, or unconscionable.

{¶ 19} Finally, Johnson contends the trial court erred in denying him leave despite finding that it "'affirmatively appears from the record that the defendant was prejudiced [by the absence of such evidence] or was prevented from having a fair trial.'" (Appellant's brief at 8, quoting Doc. #8 at 7). Contrary to Johnson's argument, the trial court did not find that he was prejudiced or denied a fair trial due to the absence of his newly-discovered evidence. In the quoted passage, the trial court plainly was setting forth the legal standard for obtaining a new trial based on newly-discovered evidence. The portion of the trial court's decision quoted by Johnson reads, in context, as follows:

> Irrespective of the timing of such a motion, however, a new trial based on newly discovered evidence is warranted only when that new evidence is "material to the defense," Crim.R. 33(A)(6), and it "also affirmatively appears from the record that the defendant was prejudiced [by the absence of such evidence] or was prevented from having a fair trial." Crim.[R.] 33(E)(5). * * *

(Doc. #8 at 7).

**{¶ 20}** Johnson has misread the foregoing language, which does not contain a finding by the trial court that the absence of Allen's 2003 federal-court testimony prejudiced him or deprived him of a fair trial. Accordingly, we find his argument on that issue unpersuasive.

**{¶ 21}** Based on the reasoning set forth above, we overrule Johnson's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

FAIN, J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Derrick L. Johnson
Hon. Mary L. Wiseman