[Cite as *State v. Johnson*, 2016-Ohio-4888.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26339 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 1991-CR-1751/1 |
| v. | : | |
| | : | (Criminal Appeal from |
| DERRICK L. JOHNSON | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of July, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

CHARLES SLICER, Atty. Reg. No. 0015555, 111 West First Street, Suite 518, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

DERRICK L. JOHNSON, No. 254-768, Post Office Box 209, Orient, Ohio 43146
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

        {¶ 1} Derrick L. Johnson appeals from the trial court's July 2, 2014 decision, order, and entry overruling a Crim.R. 33 motion for leave to file a delayed new-trial motion based

on newly-discovered evidence.

{¶ 2} The record reflects that a jury convicted Johnson in 1992 on two counts of aggravated murder, one count of attempted aggravated murder, and one count of aggravated robbery. The charges stemmed from his participation in a home-invasion robbery and shooting that involved the theft of cocaine. The victim of the attempted aggravated murder, Ralph Allen, was a key prosecution witness at Johnson's trial.

{¶ 3} Johnson filed his pro se motion for leave to file a delayed motion for a new trial on January 27, 2014.[1] (Doc. #8). Therein, he raised two issues. First, he claimed to have obtained newly-discovered evidence that undermined the validity of his 1992 convictions. The evidence consisted of April 2003 testimony by Ralph Allen in connection with a federal-court sentencing hearing for another defendant, Keith DeWitt. In his motion, Johnson argued that Allen's 2003 federal-court testimony demonstrated that Allen had committed perjury when testifying against Johnson in 1992. Specifically, Allen purportedly told the federal court that he had been in possession of eight kilograms of cocaine at the time of the home invasion, whereas Allen had denied being involved in drug dealing when he testified against Johnson. Second, Johnson asserted that the prosecutor in his criminal case had failed to disclose to defense counsel "rough notes and statements" from F.B.I. agents that proved he had nothing at all to do with the home-invasion robbery and shooting. Johnson argued that he had been unavoidably prevented from filing a new-trial motion within 120 days of the jury's verdict as required by Crim.R. 33. He asserted that

---

[1] We note that Johnson's January 27, 2014 motion for leave to file a delayed new-trial motion was his first of two such motions. He filed a second Crim.R. 33 motion for leave to seek a new trial on June 19, 2015. The trial court overruled the second motion in a July 16, 2015 decision, order, and entry that is the subject of a separate appeal, Montgomery Cty. App. Case No. 26795.

he had no knowledge of the existence of the grounds for his motion and that he should be granted leave to file a delayed new-trial motion.

{¶ 4} In overruling Johnson's motion, the trial court observed that the motion was devoid of any "real evidence." (Doc. #9 at 3). The trial court pointed out that Johnson's only "evidence" was the motion itself, which was not accompanied by a transcript, an affidavit, or anything else. Instead, the trial court noted that Johnson's motion presented "merely allegations of some testimony that he alleges occurred in a federal court hearing and some evidence he alleges was withheld from his attorney." (*Id.*). The trial court held that "[i]n addition to being severely outside of the allotted time," Johnson's "evidence" (i.e., his motion) lacked sufficient credibility to warrant a hearing. (*Id.*).

{¶ 5} Johnson appealed from the trial court's July 2, 2014 denial of his motion. On February 3, 2015, his appointed appellate counsel sought to supplement the record with a transcript of Allen's 2003 federal-court testimony. On March 5, 2015, this court filed a decision and entry refusing to make the transcript part of the record because it was not part of the record before the trial court. On May 20, 2015, this court refused to reconsider its ruling. On May 22, 2015, Johnson's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for our review. Counsel identified one potential issue, however, concerning whether the trial court should have held a hearing on Johnson's motion for leave to file a new-trial motion. Counsel concluded that this issue lacked arguable merit.

{¶ 6} Johnson subsequently filed two pro se appellate briefs. In an October 13, 2015 brief, he argues that the prosecutor suborned perjury at his 1992 trial by presenting

the testimony of Allen, which Johnson claims conflicts with Allen's 2003 federal-court testimony. Johnson asserts that Allen's 2003 testimony constitutes newly-discovered evidence that was not previously available. Johnson then proceeds to point out what he perceives as multiple discrepancies between Allen's 1992 testimony and his 2003 testimony. In a second argument, Johnson asserts that the trial court abused its discretion in denying his motion for leave to file a new-trial motion. After filing his first appellate brief, and without any response from the State, Johnson then filed a January 4, 2016 brief.[2] Therein, he advances two assignments of error. First, he again contends the trial court erred in denying his motion for leave to file a new-trial motion. Second, he argues that the trial court erred in "assessing how a jury would weigh the credibility of the newly discovered evidence."

{¶ 7} The State filed is appellate brief on January 7, 2016, arguing that Johnson's motion did not raise the suborning-perjury argument and that the trial court properly overruled his motion for leave to file a new-trial motion. Johnson filed a reply on January 26, 2016. Therein, he quotes from the trial court's July 16, 2015 decision, order, and entry overruling his *second* Crim.R. 33 motion for leave to file a motion for a new trial.[3] For present purposes, the trial court's July 16, 2015 denial of Johnson's second Crim.R. 33

---

[2] It appears from filings in Montgomery Cty. App. Case No. 26795, Johnson's appeal from the trial court's July 16, 2015 denial of his second new-trial motion, that he may have intended for the January 4, 2016 brief to be his brief in that case.

[3] In a July 1, 2015 decision and entry, this court acknowledged the filing of Johnson's second Crim.R. 33 motion for leave to seek a new trial and remanded the case for the trial court to resolve it. Thereafter, on August 28, 2015, this court noted that the trial court had overruled Johnson's second Crim.R. 33 motion and that he had filed a separate appeal from that ruling. As noted above, the separate appeal remains pending and will be resolved in a separate opinion.

motion is not before us. The above-captioned appeal is solely from the trial court's July 2, 2014 decision, order, and entry denying his January 27, 2014 motion for leave to file a new-trial motion.[4]

{¶ 8} Under Crim.R. 33(B), "[m]otions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered[.]" The rule further provides, however, that "[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." *Id.* "Where a defendant has established that he was unavoidably prevented from filing a timely motion for a new trial, the court must still determine if the motion was filed within a reasonable time, under the circumstances." *State v. Reed*, 2d Dist. Montgomery No. 26526, 2015-

---

[4] Parenthetically, we note that the present appeal, as a practical matter, comes close to being moot. As set forth above, the trial court overruled Johnson's first motion for leave to file a delayed new-trial motion (the subject of this appeal) on the basis of his unexplained delay and his failure to include his newly-discovered evidence, namely Allen's 2003 federal-court testimony. Johnson subsequently filed his second motion for leave to file a delayed new-trial motion (the subject of a separate appeal). In connection with that second motion, Johnson explained his delay and included excerpts of transcripts from Allen's 1992 trial testimony and 2003 federal court testimony. In resolving the second motion, the trial court determined in a July 16, 2015 decision, order, and entry that Johnson had satisfied the statutory requirements for filing a delayed new-trial motion. It denied him leave, however, based on a finding that Allen's 2003 testimony was unlikely to produce a different outcome if a new trial were granted. Even if we somehow were to find in the present appeal that the trial court had erred in denying Johnson's first motion for leave to seek a new trial, the result would be to remand for the trial court to consider his newly-discovered evidence, which it already has done in the course of denying his second motion. In any event, because the present appeal involves Johnson's pro se brief and an *Anders* brief by appointed appellate counsel, we have fully considered the arguments raised herein and have examined the record for potential assignments of error.

Ohio-3051, ¶ 25. "We review the trial court's denial of leave to file a motion for a new trial for an abuse of discretion." *Id.* at ¶ 16, citing *State v. Devaughns*, 2d Dist. Montgomery No. 25826, 2015-Ohio-452, ¶ 15.

{¶ 9} With the foregoing standards in mind, we see no abuse of discretion in the trial court's denial of Johnson's January 27, 2014 motion for leave to file a delayed new-trial motion. Although Johnson's pro se appellate briefs address various issues, the critical question for present purposes is whether he made a sufficient showing that he was unavoidably prevented from moving for a new trial within 120 days of the jury's verdict and whether he filed his motion for leave within a reasonable time after discovering his new evidence.

{¶ 10} As set forth above, Johnson's motion for leave to file a delayed new-trial motion primarily alleged newly-discovered evidence in the form of 2003 federal-court testimony by Ralph Allen. His motion also alleged newly-discovered evidence in the form of "rough notes and statements" from F.B.I. agents. The trial court correctly pointed out, however, that Johnson's pro se January 27, 2014 motion did not include any of this newly-discovered evidence. Nor did it include any affidavits or other evidentiary materials supporting his claims. The motion itself simply alleged the existence of the evidence. Perhaps more importantly, Johnson's motion failed to address *when* he discovered Allen's federal-court testimony or *when* he discovered the "rough notes and statements" he mentioned. Because Allen did not testify in federal court until 2003, Johnson plainly could not have discovered that evidence within 120 days of the jury's 1992 verdict in his case. As the trial court observed, however, Johnson's motion for leave was "severely outside of the allotted time." (Doc. #9 at 3) Despite that fact, he made no effort to show

that he had filed his motion within a "reasonable time" after discovering Allen's 2003 testimony as required by *Reed, supra*.

{¶ 11} Here Johnson waited nearly 11 years after Allen's federal-court testimony to seek leave to move for a new trial based on that testimony. His motion did not explain that delay at all. It did not address when he discovered Allen's testimony, what steps he took to do so, or why it took him almost 11 years. The motion also provided no explanation whatsoever regarding his discovery of notes and statements from F.B.I. agents. The motion failed to mention when or how he discovered the materials. Under these circumstances, we cannot say the trial court abused its discretion in denying Johnson's motion for leave to file a delayed new-trial motion without a hearing. We agree with appointed appellate counsel's assessment that any argument to the contrary is frivolous.

{¶ 12} Johnson's assignments of error are overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Charles W. Slicer, III
Derrick L. Johnson
Hon. Richard Skelton
(successor to Judge Frances E. McGee)