[Cite as *State v. Johnson*, 2023-Ohio-1686.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29659 |
| | : | |
| v. | : | Trial Court Case No. 1991 CR 01751/1 |
| | : | |
| DERRICK L. JOHNSON | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 19, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ELIZABETH A. ELLIS, Attorney for Appellee

DERRICK L. JOHNSON, Appellant, Pro Se

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Derrick L. Johnson appeals, pro se, from the trial court's denial of his motion for leave to file a delayed motion for a new trial pursuant to Crim.R. 33(A)(1). Johnson contends that the trial court erred in denying his motion for leave to file a delayed motion for a new trial because the court lacked subject matter jurisdiction to "conflate" sub-parts (A)(6) and (B) of Crim.R. 33 in violation of *State v. Bethel*, 167 Ohio

St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 41. For the reasons outlined below, we affirm the judgment of the trial court.

## I. Factual and Procedural Background

{¶ 2} In 1992, a jury convicted Johnson of two counts of aggravated murder, one count of attempted aggravated murder, and aggravated robbery in connection with a 1991 home invasion at a house on Liberty-Ellerton Road in Jefferson Township. The charges against Johnson arose out of a shooting that occurred in the late morning of June 29, 1991, at the residence of John Ware. The evidence established that Isaac Washington, Shay Stephens, and Ralph Allen were present in the house when at least three armed assailants—Keith DeWitt, Cedric Sinkfield, and Johnson—entered. Washington, Stephens, and Allen were shot, resulting in the deaths of Washington and Stephens. Allen survived and was a key prosecution witness at Johnson's trial. Johnson appealed his conviction, which this court affirmed in *State v. Johnson*, 2d. Dist. Montgomery No. 13449, 1993 WL 248135 (July 7, 1993).

{¶ 3} In 2014, Johnson sought leave to file a delayed motion for a new trial under Crim.R. 33, claiming that he had obtained newly discovered evidence that undermined the validity of his 1992 convictions, namely the April 2003 testimony by Allen in connection with a federal court sentencing hearing for co-defendant DeWitt. In his 2014 motion, Johnson argued that Allen had committed perjury when he denied being involved in drug dealing during his testimony against Johnson in 1992 but later, in the 2003 federal court sentencing hearing, admitted to possessing cocaine at the time of the 1991 home invasion. Johnson also argued that the prosecutor had failed to disclose to defense

counsel "rough notes and statements" from FBI agents that proved Johnson had had nothing to do with the home-invasion robbery and shooting. In overruling Johnson's motion, the trial court observed that the motion was devoid of any "real evidence" as Johnson had not accompanied his motion with a transcript, affidavit, or any other evidence, and it noted that Johnson's motion presented "merely allegations of some testimony that he alleges occurred in a federal court hearing and some evidence he alleges was withheld from his attorney." The trial court held that, in addition to being filed outside of the allotted time, Johnson's purported new evidence lacked sufficient credibility to warrant a hearing. Johnson appealed the trial court's decision.

{¶ 4} On appeal, we affirmed the trial court's order overruling Johnson's 2014 motion. *State v. Johnson*, 2d Dist. Montgomery No. 26339, 2016-Ohio-4888. The critical questions before us were whether Johnson had made a sufficient showing that he had been unavoidably prevented from moving for a new trial within 120 days of the jury's verdict and whether he had filed his motion for leave within a reasonable time after discovering his new evidence. *Id.* at ¶ 9. We agreed with the trial court that Johnson's motion had not included any newly discovered evidence or any affidavits or other evidentiary materials supporting his claims. *Id.* at ¶ 10. The motion itself simply alleged the existence of the evidence. *Id.* Johnson's motion also failed to address when he had discovered Allen's federal-court testimony or when he had discovered the "rough notes and statements" he mentioned. *Id.* Because Allen did not testify in federal court until 2003, Johnson plainly could not have discovered that evidence within 120 days of the jury's 1992 verdict in his case. *Id.* We also agreed with the trial court that Johnson's motion for

leave had been filed "severely outside of the allotted time" and found that he had made no effort to show that he had filed his motion within a "reasonable time" after discovering Allen's 2003 testimony. *Id.* We explained that Johnson had waited nearly 11 years after Allen's federal-court testimony to seek leave to move for a new trial based on that testimony; that his motion did not explain the delay or address when he discovered Allen's testimony, what steps he took to do so, or why it took him almost 11 years; that his motion provided no explanation whatsoever regarding his discovery of notes and statements from FBI agents; and that his motion failed to mention when or how he discovered the materials. *Id.* at ¶ 11. Under these circumstances, we concluded that the trial court did not abuse its discretion in denying Johnson's motion for leave to file a delayed new-trial motion without a hearing, and we affirmed the judgment of the trial court. *Id.*

**{¶ 5}** While the foregoing appeal was pending, Johnson filed a second motion for leave to seek a new trial in the trial court in 2015, again based on Allen's 2003 testimony. With that motion, Johnson attached his own affidavit and transcript excerpts from Allen's 1992 testimony at Johnson's trial and from Allen's 2003 testimony in federal court. The trial court denied Johnson's motion, finding that, even though Johnson had satisfied the requirements to obtain leave to move for a new trial without a hearing, granting Johnson leave to seek a new trial was futile because the proffered subsequent testimony of trial witness Allen was inadequate as a matter of law to demonstrate a strong probability that Johnson had been prejudiced or denied a fair trial. Johnson appealed.

**{¶ 6}** On appeal, we again affirmed the trial court's judgment regarding Johnson's 2015 motion for leave to file a delayed motion for a new trial. *State v. Johnson*, 2d. Dist.

Montgomery No. 26795, 2016-Ohio-4889. The issue on appeal was whether, after finding that Johnson had met the statutory requirements to file a delayed new-trial motion, the trial court had erred in denying him leave to do so on the basis that such a motion was futile. *Id.* at ¶ 12. We noted, as a threshold matter, that no new-trial motion had accompanied Johnson's motion for leave to file one and that the trial court essentially preempted his filing of a new-trial motion, finding that it would be futile. *Id.* at ¶ 13. We explained that the trial court had denied Johnson leave because his newly discovered evidence failed to disclose a strong probability that it would change the result if a new trial were granted and that the trial court was capable of making this determination by considering each cited portion of Allen's 2003 federal-court testimony in light of Allen's 1992 testimony at Johnson's trial. *Id.* at ¶ 18. Under the circumstances before us, we concluded that the trial court had not abused its discretion in finding an evidentiary hearing unnecessary to reach its conclusion or in determining that Allen's 2003 federal-court testimony would be unlikely to change the result if a new trial were granted. *Id.* We concluded that the trial court correctly analyzed Johnson's newly discovered evidence and set forth valid reasons supporting its determination that pursuing a new-trial motion premised on Allen's 2003 testimony was futile. *Id.* We were unable to conclude that the trial court's thorough analysis was unreasonable, arbitrary, or unconscionable. *Id.* We concluded that a review of Allen's 1992 testimony and his 2003 federal-court testimony supported the trial court's finding that the evidence was inadequate as a matter of law to demonstrate a strong probability that Johnson had been prejudiced or denied a fair trial and that the trial court did not abuse its discretion by finding, without a hearing, that

Johnson's newly-discovered evidence was insufficient to warrant a new trial. *Id.* at ¶ 15.

{¶ 7} In 2022, Johnson filed a third motion seeking leave to file a delayed motion for a new trial pursuant to Crim.R. 33(A)(1) based on irregularities in the trial court's previous proceedings regarding his second motion for leave. Johnson argued that, in his second motion for leave to seek a new trial, the trial court agreed, without an evidentiary hearing, that Johnson's evidence satisfied the obstacles to filing a delayed motion for a new trial but then failed to issue an entry allowing Johnson seven days to file a delayed motion for new trial pursuant to Crim.R. 33(B). Johnson further argued that the trial court's application of Crim.R. 33(B) violated his due process and equal protection rights in violation of *Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470.

{¶ 8} The trial court denied Johnson's third motion for leave to file a delayed motion for a new trial pursuant to Crim.R. 33(A)(1). The trial court explained that Johnson's 2022 motion was not based on newly discovered evidence but, instead, was based on a previous irregularity in the proceedings and an abuse of discretion by the trial court and that the issue presented in his motion involved the trial court's prior consideration of the merits regarding his second motion for new trial without allowing Johnson seven days from the 2015 decision to file a delayed motion for a new trial. The trial court found that the issues in Johnson's second motion for leave to file a delayed motion for a new trial had already been litigated and, thus, the issue raised in Johnson's third motion had already been litigated. In so holding, the trial court explained that the issue on appeal in *State v. Johnson*, 2d. Dist. Montgomery No. 26795, 2016-Ohio-4889, was "whether, after finding that Johnson had met the statutory requirements to file a delayed new-trial motion,

the trial court erred in denying him leave to do so on the basis that such a motion would be 'futile.' " The trial court clarified that the issue in Johnson's third motion for leave was whether any irregularity had occurred in 2015 or whether the trial court previously had abused its discretion such that Johnson should be granted a new trial. The trial court concluded that, based on our holding in *State v. Johnson*, 2d. Dist. Montgomery No. 26795, 2016-Ohio-4889, even if there had been an irregularity in 2015, there was no abuse of discretion because it was unlikely that the newly discovered evidence would have changed the outcome of the trial, and thus the issue raised in Johnson's renewed third motion for leave had already been litigated.

{¶ 9} The trial court further explained that the court was not denying Johnson's third motion for leave due to any failure to file it within a reasonable time as set forth in *Bethel*, but, rather, that Johnson's motion was barred by res judicata and thus there was no need to address whether he had met his required burden of proof in order to file an untimely Crim.R. 33 motion. The trial court stated that any irregularity in considering the merits of a new-trial motion in 2015 was negligible because it was futile for Johnson to be granted leave to file a motion for a new trial based on Allen's 2003 federal court testimony when Allen's credibility was thoroughly argued and considered in the 1992 trial. The trial court also found that the Ohio Supreme Court's recent holding in *Bethel* did not require a different conclusion because the court was not denying Johnson's leave to file on the basis that his motion was not filed within a reasonable time but was denying it because the issues had already been litigated in Johnson's second motion. The trial court also emphasized that, in *Bethel*, the court found it was unnecessary to remand a matter in

order to comport with the technical requirements of Crim.R. 33(B) when it would be an "exercise in futility" to do so. *Bethel* at ¶ 59. Likewise, the trial court concluded that granting Johnson's third motion for leave would be an exercise in futility.

{¶ 10} Johnson now appeals.

## II.    Assignment of Error

{¶ 11} Johnson's sole assignment of error is as follows:

> Whether the trial court lacked subject matter jurisdiction to "conflate" sub-parts (A)(6), (B) of Crim. Rule 33 without granting leave under sub-part (B) of Crim. Rule 33, in violation of *State v. Bethel*, 2022-Ohio-783 ¶ 41.

{¶ 12} Johnson contends that an irregularity in the proceedings during his 2015 motion for leave to file a delayed motion for a new trial was the basis for his motion for a new trial. Crim.R. 33(A), which sets forth the authorized bases for a new trial, provides, in part:

> (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial[.]

{¶ 13} Crim.R. 33(B) addresses the deadlines for bringing an application for a new trial. In general, application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within 14 days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed

within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein. Crim.R. 33(B). Alternatively, motions for new trial on account of newly discovered evidence shall be filed within 120 days after the day upon which the verdict was rendered or the decision of the court where trial by jury has been waived. *Id.* If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the 120-day period. *Id.*

{¶ 14} In order to file a motion for new trial after the expiration of the time periods specified in Crim.R. 33(B), a defendant must first seek leave of the trial court to file a delayed motion. *State v. Hayden*, 2d. Dist. Montgomery No. 29490, 2022-Ohio-3574, ¶ 13, citing *State v. Lanier*, 2d Dist. Clark No. 2009-CA-84, 2010-Ohio-2921, ¶ 15, citing *State v. Warwick*, 2d Dist. Champaign No. 2001-CA-33, 2002-Ohio-3649. To obtain leave, a defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B). *Id.*

{¶ 15} We review the trial court's denial of leave to file a motion for a new trial for an abuse of discretion. *State v. Devaughns*, 2d Dist. Montgomery No. 25826, 2015-Ohio-452, ¶ 15. The term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 16} "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Corder v. Ohio Edison Co.*, 162 Ohio St. 3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12. "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Id.*, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. Instead, "the focus is on whether the forum itself is competent to hear the controversy." *Id.*, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts").

{¶ 17} Article IV, Section 4(A) of the Ohio Constitution provides that "[t]here shall be a court of common pleas and such divisions thereof as may be established by law serving each county of the state," and Article IV, Section 4(B) provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." *Corder* at ¶ 15. The general subject matter jurisdiction of Ohio courts of common pleas is defined entirely by statute. *Id.* "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. Additionally, courts of common pleas have jurisdiction to rule on post-judgment motions. (Citation omitted.) *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 31.

{¶ 18} Res judicata provides that a final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue for parties and their privies in the same or any other judicial tribunal. *State ex rel. Rose v. Ohio Dept. of Rehab. & Corr.*, 91 Ohio St.3d 453, 455, 2001-Ohio-95, 746 N.E.2d 1103 (2001), citing *In re Guardianship of Lombardo*, 86 Ohio St.3d 600, 604, 716 N.E.2d 189 (1999). Res judicata presupposes a judgment entered by a court of competent jurisdiction. *Id.*

{¶ 19} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hayden* at ¶ 17, citing *State v. Reed*, 2d Dist. Montgomery No. 26526, 2015-Ohio-3051, ¶ 26, quoting *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Id.*, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), syllabus, citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Additionally, arguments advanced in a successive motion for a new trial may be barred by the doctrine of res judicata." *Id.*, quoting *State v. Quinn*, 2d Dist. Clark No. 2017-CA-102, 2018-Ohio-5279, ¶ 23, citing *Reed* at ¶ 28 (where appellant "previously filed a motion for a new trial," res judicata bars

use of a successive new trial motion to raise issues that could have been asserted in the prior motion).

{¶ 20} Johnson's third motion for leave to file a delayed motion for a new trial under Crim.R. 33(A)(1) was based on irregularities in the proceedings, not in his trial but in his previous 2015 motion for leave to file a delayed motion for a new trial proceedings. Johnson asserted that, in ruling upon his 2015 motion for leave, the trial court found that he had met the threshold that he had been unavoidably prevented from discovering the 2003 testimony of Allen, but then proceeded to consider the merits of his claims without providing him seven days in which to file his delayed motion for a new trial. Johnson claims that the trial court did not have subject matter jurisdiction to conflate Crim.R. 33(A)(6) and (B) and make a merits determination on his 2015 motion for leave.

{¶ 21} Specifically, Johnson argues that, in order for the trial court to have subject matter jurisdiction to rule on the merits of Johnson's newly discovered evidence as grounds for filing a delayed motion for a new trial, the trial court was required to grant leave to Johnson, allowing him to file a motion for a new trial, which the trial court did not do, and thus Johnson never filed his delayed motion for a new trial. As a result, Johnson asserted that he was denied any fair mechanism for factual development on his newly discovered evidence when he was never afforded the opportunity to file his motion for a new trial. Johnson argued that he was denied due process and equal protection under the laws of the United States and Ohio Constitutions and that the trial court created a jurisdictional defect when it incorrectly applied the procedural requirements of Crim.R. 33.

{¶ 22} With respect to Johnson's second motion for leave to file a delayed motion

for a new trial, we note that Johnson never actually filed a motion for a new trial. In general, under Crim.R. 33, a two-step process applies when a defendant seeks to file a delayed new-trial motion. First, he must obtain leave by demonstrating that he was unavoidably prevented from filing his motion within the time provided by the rule. If he makes this showing, he must file his new-trial motion within seven days of a court order granting him leave. *See* Crim.R. 33(B). "A defendant may file his motion for a new trial along with his request for leave to file such motion[.]" *State v. Lanier,* 2d Dist. Clark No. 2009-CA-84, 2010–Ohio–2921, ¶ 17. In that situation, "the trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay." (Citations omitted). *Id.*

{¶ 23} To prevail on a new-trial motion, a defendant must demonstrate, among other things, that his newly discovered evidence "'discloses a strong probability that it will change the result if a new trial is granted [.]'" *State v. Quinn,* 2d Dist. Clark No. 2014-CA-95, 2016-Ohio-140, ¶ 13, quoting *State v. Petro,* 148 Ohio St. 505, 76 N.E.2d 370 (1947). The decision whether to grant a new trial is within a trial court's discretion. Likewise, the decision whether to grant a hearing on a new-trial motion is within a trial court's discretion. *Id.* at ¶ 12. Its ruling will not be disturbed absent an abuse of discretion. *Id.*

{¶ 24} In the 2015 motion for leave proceedings, the trial court found, without the need for a hearing, that Johnson had presented clear and convincing proof that he had been unavoidably prevented from discovering Allen's 2003 federal-court testimony within 120 days of the verdict in his 1992 criminal trial. Because Allen's 2003 testimony obviously did not exist a decade earlier, the trial court held that Johnson had overcome Crim.R.

33(B)'s obstacle to filing a delayed motion for a new trial. The issue on appeal was whether, after finding that Johnson had met the statutory requirements to file a delayed new-trial motion, the trial court had erred in denying him leave to do so on the basis that such a motion would be futile.

{¶ 25} In Johnson's 2015 appeal, we noted that, if a defendant files his delayed motion for a new trial along with his request for leave to file the motion, the court may not consider the merits of the new-trial motion until it determines that there has been an unavoidable delay. Regarding Johnson's second motion for leave, we determined that the trial court did not make a determination that Johnson's motion was without merit until after it had made the finding that he had been unavoidably delayed. We noted, as a threshold matter, that no new-trial motion accompanied Johnson's motion for leave to file one and that the trial court essentially preempted his filing of a new-trial motion, finding that it would be futile. We explained that the trial court had denied Johnson leave because his newly discovered evidence was inadequate as a matter of law and failed to disclose a strong probability that it would change the result if a new trial was granted and that trial court was capable of making this determination by considering each cited portion of Allen's 2003 federal-court testimony in light of Allen's 1992 testimony at Johnson's trial. We concluded that the trial court did not abuse its discretion in finding an evidentiary hearing unnecessary to reach its conclusion or in determining that Allen's 2003 federal-court testimony would be unlikely to change the result if a new trial were granted. We also concluded that the trial court had correctly analyzed Johnson's newly discovered evidence and set forth valid reasons supporting its determination that pursuing a new-trial

motion premised on Allen's 2003 testimony was futile, and we were unable to conclude that the trial court's thorough analysis was unreasonable, arbitrary, or unconscionable.

{¶ 26} Regarding Johnson's third motion for leave to file a delayed motion for a new trial, the trial court pointed out that the issue in Johnson's 2015 appeal on his second motion for leave was whether the trial court had erred in denying him leave to file a delayed new-trial motion on the basis that such a motion would be futile and that the issue in his third motion for leave was whether an irregularity had occurred in the 2015 motion, resulting in the trial court's abuse of discretion. In other words, the irregularity issue presented in Johnson's third motion for leave related to the trial court's previously considering the merits of a motion for a new trial without allowing Johnson seven days from the 2015 decision to actually file his motion for a new trial, which was essentially the same issue raised in Johnson's 2015 appeal regarding whether the trial court erred in denying him leave to file a delayed new-trial motion on the basis that such a motion would be futile.

{¶ 27} In the instant matter, the trial court found that, even if there had been an irregularity in the 2015 proceedings, there was no abuse of discretion because it was unlikely that the newly discovered evidence would have changed the outcome of the trial. The trial court stated that any irregularity in considering the merits of a new-trial motion in 2015 was negligible because it was futile for Johnson to be granted leave to file a motion for a new trial based on Allen's 2003 federal court testimony, especially when Allen's credibility was thoroughly argued and considered in the 1992 trial. The trial court concluded that the issues in Johnson's third motion for leave had already been litigated

and thus were barred. Accordingly, we already addressed the issues that Johnson seeks to now litigate, and, thus, the trial court properly found that Johnson's third motion for leave was barred by res judicata.

{¶ 28} Finally, nothing in *Bethel* would change this conclusion. *Bethel* stands for the proposition that there is no requirement in Crim.R. 33 that a defendant seeking leave to file a motion for a new trial must do so within a reasonable time after discovering the newly discovered evidence upon which he relies. The trial court found that the reasoning in *Bethel* did not require a different conclusion in this case because the court was not denying Johnson's leave to file on the basis that his motion had not been filed within a reasonable time, but rather was denying it because the issues raised by Johnson had already been litigated in Johnson's second motion. The trial court also emphasized that, in *Bethel*, the court found it was unnecessary to remand a matter in order to comport with the technical requirements of Crim.R. 33(B) when it would be an "exercise in futility" to do so. and it concluded that granting Johnson's third motion for leave was an exercise in futility. We agree with the trial court and conclude that the timeliness of Johnson's third motion for leave to file a delayed motion for a new trial was not an issue; the issues in Johnson's third motion had already been litigated in Johnson's second motion. We also agree with the trial court's conclusion that it was unnecessary to remand a matter such as this in order to comport with the technical requirements of Crim.R. 33(B) when it would have be an "exercise in futility," and thus we agree that Johnson's issues in his third motion for leave were barred by res judicata.

{¶ 29} We conclude that the trial court had subject matter jurisdiction in this

criminal action and in considering Johnson's motion for leave to file a delayed motion for new trial, as the general division of the court of common pleas has original jurisdiction of all crimes and offenses and to rule on post-judgment motions. We also see no abuse of discretion in the trial court's determination that the issues raised by Johnson in his third motion for leave to file a delayed motion for a new trial were barred by res judicata.

{¶ 30} Johnson's sole assignment of error is overruled.

### III.     Conclusion

{¶ 31} Having overruled Johnson's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


TUCKER, J. and LEWIS, J., concur.