[Cite as *State v. DeVaughns*, 2012-Ohio-5791.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                :

    Plaintiff-Appellee                    :            C.A. CASE NO.    24631

v.                                           :            T.C. NO.    06CR843

CHRISTOPHER A. DeVAUGHNS                      :            (Criminal appeal from
                                                          Common Pleas Court)

    Defendant-Appellant                   :

                                             :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     7th     day of      December     , 2012.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHRISTOPHER A. DeVAUGHNS, #525-249, London Correctional Institute, P. O. Box 740, London, Ohio 43140
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the pro se Notice of Appeal of

Christopher Devaughans, filed May 10, 2011. Devaughns appeals from the April 29, 2011 decision of the trial court overruling "Defendant's Motion for Unavoidably Prevented Crim.R. 33(B)," in which Devaughns asserted that he received ineffective assistance of defense counsel at trial. We hereby affirm the judgment of the trial court.

{¶ 2} Devaughns was convicted, on May 4, 2006, following a jury trial, of one count of felonious assault, in violation of R.C. 2903.11(A)(1), and one count of kidnaping, in violation of R.C. 2905.01(A)(3). He received an eight year sentence on the felonious assault conviction and a ten year sentence on the kidnaping conviction, to be served consecutively. On direct appeal, this Court affirmed Devaughns' convictions but reversed and remanded the matter for resentencing after determining that the trial court denied Devaughns his right of allocution. *State v. Devaughns*, 2d Dist. Montgomery No. 21654, 2007-Ohio 3455 (wherein the facts surrounding Devaughns' offenses are set forth). On remand, the trial court imposed the identical sentence. Devaughns appealed, and this Court affirmed the trial court's judgment. *State v. Devaughns*, 2d Dist. Montgomery No. 22349, 2008-Ohio-4010.

{¶ 3} In August, 2009, Devaughns filed a motion for a new trial pursuant to Crim.R. 33, based upon newly discovered evidence. The alleged new evidence consisted of records from a daycare center which purport to show that Devaughns picked up his daughter during the time frame when the victim alleged he restrained her. Devaughns asserted that he obtained the evidence on February 18, 2009 from the Ohio Supreme Court's Office of Disciplinary Counsel as a result of a grievance he filed against his trial counsel. The trial court overruled the motion on October 6, 2009, without a hearing, concluding that

Devaughns was not unavoidably prevented from discovering this evidence.

{¶ 4} Devaughns appealed, and counsel for Devaughns filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493 (1967). Devaughns also filed a pro se brief, and after addressing the errors Devaughns assigned and conducting an independent review of the record, this Court affirmed the judgment of the trial court. *State v. Devaughns*, 2d. Dist. Montgomery No. 23720, 2011-Ohio-125. Therein, Devaughns again asserted that he had newly discovered evidence regarding his purported alibi, namely a letter from Mary Ann Powell, an employee of his daughter's daycare center, as well as the daycare center's daily attendance sheets, both of which indicated that Devaughns signed his daughter out of the daycare center at 5:40 p.m. on February 24, 2006. This Court determined that this evidence "was not new in relation to the issues of fact that were tried," and that the substance thereof "was admitted into evidence at Defendant's trial as a stipulation." *Id*., ¶ 23. This Court further noted that evidence "that would be offered to prove a fact or matter concerning which evidence was offered at trial is not 'new evidence' merely because it is proof different in form from that which was offered at trial." *Id*. This Court noted, by "its guilty verdicts the trier of facts, the jury, obviously chose to believe the victim rather than Defendant's alibi evidence, which it had a right to do." *Id*., ¶ 25. Finally, this Court noted, "the mere fact that at some point during Lynelle Moore's confinement Defendant briefly left his apartment to pick up his daughter does not exonerate Defendant * * *." *Id.*

{¶ 5} In "Defendant's Motion for Unavoidably Prevented Crim.R. 33(B)," Devaughns asserted in an attached affidavit that he "wish (sic) to be viewed seperatley (sic)

from the Appointed defense Counsel David R. Miles' unethical trial misrepresentation of the complete facts of the Defendant's, defense of alibi." Devaughns further asserted that he "had no prior knowledge that the defense attorney David R. Miles' trial strategy/tactics would include, lying to the Trial Court, making false statements, and denying having knowledge of other evidence supporting Defendant's defense of alibi." Devaughns directed the trial court's attention to the following exchange at trial:

THE COURT: * * * Does the defendant have evidence to present?

MR. MILES: Your Honor, we have one possible stipulation. * * * .

The stipulation was as follows: "Had Mary Ann Powell, who is currently out of state, testified, she would have testified that she, Mary Ann Powell, is an employee of A&D Childcare. And on Friday, February 24th, 2006, defendant picked daughter Crystal up from A&D Childcare and signed her out under the name James Dozier at 5:40p.m." Devaughns asserted that defense counsel "lied" because Devaughns "had multiple evidence in support of his defense of alibi," in addition to the stipulation. Attached to the motion is correspondence between the Assistant Disciplinary Counsel of the Supreme Court of Ohio and Devaughns regarding his grievance against defense counsel; a subpoena to Mary Ann Powell, dated April 21, 2006; and correspondence from Powell to defense counsel in response to the subpoena, stating that she would be out of town at trial and that she attached attendance records for Devaughns' daughter from the A & D Daycare. The attached records are dated February, 2006.

{¶ 6} The trial court construed the motion "as a request for new trial due to ineffective assistance of counsel based upon a misrepresentation made by counsel for

Defendant." The court concluded that Devaughns failed to "present a basis upon which a new trial can be granted under Crim.R. 33(A)."

{¶ 7} Devaughns asserts 14 assignments of error herein. We note that this Court granted Devaughns leave to file a brief in excess of 25 pages and ordered that his brief not exceed 35 pages. Devaughns' brief exceeds the page limit set by this Court. It consists of four unnumbered pages, the first of which is entitled, "Please Read," in which he asks this Court to consider the brief in its entirety, along with a copy of this Court's order regarding page length and copies of two motions he filed requesting leave to exceed the page limit. These pages are followed by pages numbered i-vi, which include a table of contents, a statement of issues for review with each assigned error, and a table of authorities. Pages numbered 1-35 discuss assigned errors 1-9 and set forth the tenth assigned error. Thereafter are nine exhibits that are duplicative of those attached to Devaughns' motion below. Pages 36 - 50 conclude the brief and discuss Devaughns' remaining assignments of error. We will limit our analysis to the assigned errors enumerated on pages 1-35, consistent with our order, as well as the attached exhibits. Assigned errors 1- 10 are as follows:

1. "APPELLATE COURT ADDED A FICTIOUS (sic) MATTER TO THE TRIAL RECORD."

2. "LYNELLE MOORE, KATRINA MOORE BROOKS, UNDER THE INFLUENCE OF DRUGS."

3. "PERJURED TESTIMONY, STATE WITNESS, LYNELLE MOORE."

4. "ASSISTANT PROSECUTOR FAILED TO CORRECT PERJURED TESTIMONY."

5. "TRIAL COURT COMMITTED PLAIN ERROR, NEW TRIAL COMPULSORY."

6. "INEFFECTIVE ASSISTANCE OF APPOINTED DEFENSE COUNSEL, DAVID

R. MILES."

7. "BLOOD EVID. USED TO CONVICT DEFENDANT IRRELEVANT,

UNIDENTIFIED."

8. "PERJURY OHIO REVISED CODE 2921.11(a)."

9. "JUROR POSSIBLY COMMUNICATED ABOUT CASE WITH OUTSIDER."

10. "WITNESS MISCONDUCT, COMPLAINING STATE WITNESS, LYNELLE

MOORE."

{¶ 8} As noted by the State, Devaughns herein for the first time asserts multiple arguments related to his trial. For example, his second, third, fourth, eighth and tenth assigned errors are directed to the trial testimony of the victim herein, Lynelle Moore, and her sister, Katrina Moore, whose credibility Devaughns contests. Devaughns' fifth assignment of error is addressed to the trial court's failure to instruct the jury regarding his purported alibi. In his seventh assigned error, he asserts that "blood samples" admitted at trial were inadmissible. In his ninth assignment of error, he asserts that "juror misconduct" occurred. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Devaughns' second, third, fourth, fifth, seventh, eighth, ninth and tenth assigned errors are barred by the doctrine of res judicata and overruled.

{¶ 9} Devaughns' first assigned error questions this Court's decision in *Devaughns*, 2011-Ohio-125, which is not properly before us. Devaughns' recourse was to seek

reconsideration in this Court, pursuant to App.R. 26(A), or leave for our decision to be considered by the Ohio Supreme Court, which were not done Thus, this assignment of error is overruled.

{¶ 10} Only Devaughns' sixth assignment of error is related to the trial court's decision below. It is addressed to defense counsel's performance at trial, namely his failure to present the additional exculpatory evidence related to his purported alibi, and it relies on the exhibits attached to the brief.

{¶ 11} Crim.R. 33 governs motions for new trial. That rule provides in relevant part:

(A) Grounds

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

* * *

(B) Motion for new trial: form, time

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such

motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, * * * . If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

* * *

{¶ 12} As this Court previously noted: "To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington* (1984), 466 U.S. 668. * * * Reversal is warranted only where a defendant demonstrates a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Beavercreek v. LeValley*, 2d Dist. Greene No. 06-CA-51, 2007-Ohio-2105, ¶ 18.

{¶ 13} "The decision whether to grant a motion for a new trial lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. * * * ." *Devaughns*, 2011-Ohio-125, ¶ 16. As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 14} Devaughns' motion, filed several years after the verdicts, was untimely. This Court has previously determined that he was not unavoidably prevented from discovering the evidence in support of his claim of ineffective assistance, and that the evidence "was not new in relation to the issues of fact that were tried," but only different in form from the stipulation regarding his alibi. *Devaughns*, 2011-Ohio-125, ¶ 21, 23. Finally, since the substance of the evidence was admitted at trial, there is no likelihood that defense counsel's failure to present the additional cumulative evidence prejudiced Devaughns, and the trial court did not abuse its discretion in overruling "Defendant's Motion for Unavoidably Prevented Crim.R. 33(B)." Devaughns' sixth assigned error is overruled.

{¶ 15} We note that in his reply brief, Devaughns argues that he mistakenly requested a new trial and that "appellant's intentions were a hearing for evidence dehors the record." Devaughns appears to assert that he intended to petition the court for post-conviction relief, pursuant to R.C. 2953.21, although he does not cite that statute. As this Court has previously noted:

"Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants. See, e.g.,

*Kilroy v. B.H. Lakeshore Co.* (1996), 11 Ohio App.3d 357, 363, 676 N.E.2d 171.

As the Eighth District Court of Appeals aptly noted in *Kilroy*, a pro se litigant 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.' Id*." Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20.

**{¶ 16}** Devaughns expressly filed his motion pursuant to Crim.R. 33, and the trial court correctly construed it as a motion for a new trial and overruled it. The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Michele D. Phipps
Christopher A. DeVaughns
Hon. Gregory F. Singer