[Cite as *State v. Devaughns*, 2015-Ohio-452.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   25826 |
| | : | |
| v. | : | T.C. NO. 06CR843 |
| | : | |
| CHRISTOPHER A. DEVAUGHNS | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___6th___ day of ____February____, 2015.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty, Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHRISTOPHER A. DEVAUGHNS, #525-249, London Correctional Institute, P. O. Box 69, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Christopher Devaughns, filed July 17, 2013. Devaughns appeals from the trial court's June 28, 2013 "Entry and Order Overruling Defendant's Motion for Leave of Court to File Motion for New Trial."  We hereby affirm the judgment of the trial court.

**{¶ 2}** Devaughns was convicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1), and one count of kidnaping, in violation of R.C. 2905.01(A)(3). The victim herein is Lynelle Moore, the mother of Devaughns' daughter. The trial court sentenced Devaughns to eight years on the felonious assault conviction and ten years on the kidnaping conviction, to be served consecutively with one another, and also consecutively with a one-year sentence imposed in another matter. This Court affirmed Devaughns' convictions and reversed and remanded the matter for resentencing due to the trial court's failure to accord him his right to allocution. *State v. Devaughns*, 2d Dist. Montgomery No. 21654, 2007-Ohio-3455.

**{¶ 3}** On remand, Devaughns received the same sentence, and he appealed. This Court affirmed his sentence. *State v. Devaughns*, 2d Dist. Montgomery No. 22349, 2008-Ohio-4010.

**{¶ 4}** On August 20, 2009, Devaughns filed a motion for new trial pursuant to Crim.R. 33. The trial court overruled his motion, and he appealed. This Court affirmed the judgment of the trial court. *State v. Devaughns*, 2d Dist. Montgomery No. 23720, 2011-Ohio-125.

**{¶ 5}** On April 13, 2011, Devaughns filed "Defendant's Motion for Unavoidably Prevented Crim.R. 33(B)," and this Court affirmed the denial of Devaughns' motion. *State v. Devaughns*, 2d Dist. Montgomery No. 24631, 2012-Ohio-5791.

**{¶ 6}** In his "Motion for Leave of Court to File Motion for New Trial," Devaughns asserted as follows:

> Appointed trial counsel David R. Miles, for the defendant Christopher DeVaughns, failed to put forth the necessary initiatives:

1) To inform his client, Mr. DeVaughns, that juror would be talking about defendant's on going trial with outsider, while at lunch.

2) Appointed defense counsel failed to identify juror.

3) Defense counsel failed to request, as is required under such circumstances dictate, a hearing to determine as to whether, juror talking about defendant's on going trial with outsider, while at lunch. Whether the outside influence(s) tainted any other jury member, to cause the guilty verdict.

\* \* \*

Defendant Devaughns, firmly asserts: Before Dec. 5, 2011, and not until six and one half years after the verdict rendered of the criminal trial 06-CR-0843, he the defendant had absolutely no knowledge of the juror(s) misconduct incident that had drawn the ire of trial court 06-CR-0843, causing trial court to admonish the prosecution and the appointed trial counsel, David. R. Miles, to stop the (still unidentified) juror(s) from communicating about defendant's on going trial with outsider, while at lunch.

{¶ 7} The State responded that Devaughns "has filed multiple motions for new trial. The matter he proposes now, similar to those he proposed previously, is barred by res judicata and wholly without merit." The State further asserted that Devaughns' motion is untimely and that there "are simply no grounds for the Court to even consider a motion for new trial. Defendant provides no evidence of juror misconduct and there was none. At minimum what he is citing to, if accurate, appears to be a standard instruction

by the Court not to talk about the case with anyone over the lunch break. * * *." In overruling Devaughns' motion, the trial court indicated that it did so for the reasons set forth in the State's memorandum.

{¶ 8} Devaughns asserts the following assignment of error:

TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT. TRIAL COURT ABUSED IT'S [sic] DISCRETION. TRIAL COURT HELD NO HEARING PURSUANT TO OHIO CRIM.R. 33(B), AFFORDING THE DEFENDANT HIS OPPORTUNITY TO PROVE (WRONGFULLY CONVICTED).

{¶ 9} Devaughns asserts that it "has since been discovered that the Prosecution knowingly presented false evidence, Blood Samples ([Exhibits] 18 & 19), to the Trial Jury at close." Devaughns asserts that he received an incomplete copy of the transcript of the proceedings below "three years ten months after trial verdict 06-CR-0843." Attached to Devaughns' brief is a December 1, 2011 Decision and Entry from this Court in *State v. Devaughns,* 2d Dist. Montgomery No. 24631, 2012-Ohio-5791, in which Devaughns' motion for a copy of the videotape recording of the proceedings at trial was sustained. Devaughns asserts as follows:

Five years seven months after trial verdict 06-CR-0843, Defendant discovered Recorded Bench Conference @ (11:26:32) a.m. – (11:26:59) a.m., of Audio/Visual Recording 06-CR-0843, held away from jury, held away from Defendant, completely removed from Defendant's printed copy of Criminal Proceedings 06-CR-0843, indiscernible in part, discovered to be Prima Facie Evidence of (Constitutional Ineffective Assistance of Appointed

Defense Counsel), David R. Miles, 06-CR-0843.

**{¶ 10}** Also attached to Devaughns' brief is page 119 of the trial transcript. He asserts that 27 seconds of the proceedings were not transcribed, "concealing prima facie evidence of juror misconduct/probable jury tampering." Also attached to Devaughns' brief is his December 2, 2013 "Appellate R. 9 (E). Motion for an Agreed Statement," in which he asserted below that the following is a "fair and accurate (summary) of the indiscernible portions of Trial Court's (Bench Conference (11:26:32) a.m. – (11:26:59) a.m.)":

> @ (Bench Conference (11:26:32) a.m. – (11:26:59) a.m.), Trial Court 06-CR-0843 instructed the prosecution and the appointed defense counsel to confront ( Juror(s) ) whom Trial Court 06-CR-0843 identified: to stop further unauthorized outside communication about Defendant's ongoing trial, outside the courtroom, outside the juryroom, with outsider(s) before return of the trial verdict 06-CR-0843.

A copy of the trial court's decision overruling the motion for an agreed statement is also attached to Devaughns' brief.

**{¶ 11}** We note that Devaughns also filed a Reply to the State's brief. Therein he asserts that the trial court erred in relying upon the State's memorandum, and that he "should not have to take the 'word' of an adverse party who has made no claim, who had made no indication as to have even looked at the evidence. i.e. (A/V) of the Appellant's criminal trial 06-CR-0843."

**{¶ 12}** Crim.R. 33 provides in relevant part as follows:

> A new trial may be granted on motion of the defendant for any of the

following causes affecting materially his substantial rights:

* * *

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

* * *

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 13} As this Court has previously noted:

* * * To seek a new trial based on new evidence more than 120 days after the verdict, a petitioner "must first file a motion for leave, showing by 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.' " [*State v. Parker*, 178 Ohio App.3d 574, 577], 899 N.E.2d 183,[2008-Ohio-5178], quoting *State v. Morgan*, Shelby App. No. 17-05-26, 2006-Ohio-145. " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Id.*, quoting *State v. Walden* (1984), 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859.

*State v. Wilson*, 2d Dist. Montgomery No. 23247, 2009-Ohio-7035, ¶ 8.

{¶ 14}  As this Court has further noted regarding a hearing on a motion for leave to file a motion for a new trial:

* * * We have held that a defendant is entitled to such a hearing if he submits "documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence" at issue. *State v. York* (Feb. 18, 2000), Greene App. No. 99–CA–54, 2000 WL 192433, citing *State v. Wright* (1990), 67 Ohio App.3d 827, 828, 588 N.E.2d 930; see, also, *State v. Mitchell*, Montgomery App. No. 19816, 2004-Ohio-459, 2004 WL 225464, ¶ 7–10 (finding affidavits sufficient to warrant a hearing on whether the defendant was unavoidably prevented from discovering the

facts upon which his request for a new trial relied). Notably, the documents at issue in *York* and *Wright* were affidavits from prosecution witnesses recanting their trial testimony against the defendant.

*State v. McConnell*, 170 Ohio App. 3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.).

{¶ 15}  "We review a trial court's ruling on a Crim.R. 33 motion for an abuse of discretion. *State v. McCoy*, 2d Dist. Montgomery No. 21032, 2006–Ohio–1137, ¶ 8." *State v. Thompson*, 2d Dist. Montgomery No. 25016, 2012-Ohio-4862, ¶ 7.   This Court recently noted as follows:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

*State v. Mitchell*, 2d Dist. Montgomery No. 25976, 2014-Ohio-5070, ¶ 13-14.

**{¶ 16}** Regarding Devaughns' assertion in his brief that the State presented false evidence in the form of two blood samples, we note that Devaughns did not include this argument in his April 9, 2013 motion, and we find that this conclusory statement, made without evidentiary support eight years after trial, lacks merit.

**{¶ 17}** We further agree with the State that the "record fails to reveal any information that would support Devaughs' allegations of juror misconduct or ineffective assistance of counsel." The portion of the transcript to which Devaughns directs our attention provides as follows:

> MS.DODD:   May we approach, your Honor?
>
> THE COURT:   Yes.
>
> (Bench conference held out of the presence of the jury as follows:)
>
> MS. DODD:   We're out of witnesses for the morning.   Our next witness is a doctor who we asked to come in as our first witness after lunch because of his schedule.   He was seeing patients all morning.   He can come in at 12:45.
>
> THE COURT:   When's he coming in?
>
> MS. DODD:   12:45.
>
> THE COURT:   Okay.
>
> (End of bench conference)
>
> THHE COURT:   Ladies and gentlemen, as we had you here at 8:30, we're going to break now at 11:30 for our lunch recess so we can get back together at one o'clock. The bailiff will meet with you back in the jury room and discuss lunch arrangements with you.

Again, it's important that you be fair and attentive throughout the trial.

Do not discuss the case among yourselves or with anyone else. Do not permit anyone to discuss it with you or in your presence. Do not form or express any opinion on the case until it's finally submitted to you.

We'll be in recess until one o'clock.

(Jury exiting courtroom)

**{¶ 18}** Since Devaughns failed to provide a scintilla of evidence or an affidavit to support his allegations of juror misconduct and ineffective assistance of counsel, he was not entitled to a hearing, and the trial court properly overruled his "Motion for Leave of Court to File Motion for New Trial." Since an abuse of discretion is not demonstrated, Devaughns' assigned error is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Christopher A. Devaughns
Hon. Gregory F. Singer