[Cite as *State v. DeVaughns*, 2020-Ohio-2850.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                               :
                                            :
    Plaintiff-Appellant             :      Appellate Case No. 28370
                                            :
v.                                          :      Trial Court Case No. 2006-CR-843
                                            :
CHRISTOPHER A. DEVAUGHNS          :      (Criminal Appeal from
                                            :      Common Pleas Court)
    Defendant-Appellee              :
                                            :

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of May, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHRISTOPHER A. DEVAUGHNS, #A525-249, London Correctional Institution, P.O. Box 69, London, Ohio 43140
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Defendant-appellant Christopher A. DeVaughns appeals pro se from an order of the Montgomery County Court of Common Pleas, which overruled his motion for leave to file a motion for new trial pursuant to Crim.R. 33(A)(6). DeVaughns filed a timely notice of appeal on April 30, 2019.

**{¶ 2}** We set forth the history of this case in *State v. DeVaughns*, 110 N.E.3d 922, 2018-Ohio-1421 (2d Dist.) ("*DeVaughns VI*"), and repeat it herein in pertinent part:

In 2006, DeVaughns was tried before a jury and found guilty of felonious assault in violation of R.C. 2903.11(A)(1) and kidnapping in violation of R.C. 2905.01(A)(3). The charges stemmed from allegations that DeVaughns had beaten the mother of his child, * * * causing her life-threatening injuries, and confined [her] against her will. After the jury rendered its verdict, the trial court sentenced DeVaughns to eight years in prison for the felonious assault and ten years in prison for the kidnapping. The trial court ordered the sentences to be served consecutively to each other and consecutively to a sentence imposed in another case.

DeVaughns subsequently appealed from his conviction and sentence. On appeal, we rejected the manifest weight and allied offense claims raised by DeVaughns in his appeal, but held that the trial court erred in failing to afford DeVaughns an opportunity to speak on his own behalf at sentencing. Accordingly, we reversed the trial court's sentencing decision and remanded the matter for resentencing. *State v. DeVaughns*, 2d Dist. Montgomery No. 21654, 2007-Ohio-3455 ("*DeVaughns I*").

On remand, the trial court gave DeVaughns the opportunity to

address the court personally at his resentencing hearing. Following DeVaughns' remarks, the trial court imposed the same sentence that it had imposed at the original sentencing hearing. DeVaughns thereafter appealed from the sentence imposed by the trial court on remand, which we affirmed. *State v. DeVaughns*, 2d Dist. Montgomery No. 22349, 2008-Ohio-4010 ("*DeVaughns II*").

In August 2009, DeVaughns filed a pro se motion for new trial based on newly discovered evidence. The alleged new evidence consisted of attendance sheets from a daycare center and a letter from a daycare employee, both of which purportedly demonstrated that DeVaughns had picked up his daughter during the time it was alleged that he kidnapped [the victim]. The trial court denied DeVaughns' motions without a hearing. On appeal, we held that the record "clearly reveals that this evidence was not new in relation to the issues of fact that were tried. The substance of [the employee's] letter was admitted into evidence at Defendant's trial as a stipulation." Accordingly, we affirmed the denial of DeVaughns' motion for a new trial. *State v. DeVaughns*, 2d Dist. Montgomery No. 23720, 2011-Ohio-125 ("*DeVaughns III*").

In 2011, DeVaughns filed several other pro se motions, including, but not limited to, a "Motion for Correction [of] Trial Transcript" and a "Motion for Unavoidably Prevented Crim.R. 33(B)," which the trial court construed as a Crim.R. 33 motion for new trial. The trial court overruled both motions and DeVaughns separately appealed those decisions. We dismissed

DeVaughns' appeal from the trial court's decision overruling the motion to correct the trial transcript on grounds that the issue of an incomplete trial transcript could have been raised in the pending appeal from his Crim.R. 33 motion for new trial. Decision and Final Judgment Entry (Sept. 12, 2011), 2d Dist. Montgomery App. Case No. 24700.

In the appeal from the trial court's decision overruling DeVaughns' Crim.R. 33 motion for new trial, we found that all but one of DeVaughns' assignments of error were either barred by res judicata or were not properly before this court. The single assignment of error we reviewed claimed that DeVaughns' trial counsel was ineffective in failing to present exculpatory evidence related to his purported alibi. We, however, affirmed the trial court's decision overruling DeVaughns' motion for new trial on grounds that the motion was untimely and that DeVaughns was not unavoidably prevented from discovering the evidence on which his ineffective assistance claim was based. *State v. DeVaughns*, 2d Dist. Montgomery No. 24631, 2012-Ohio-5791 ("*DeVaughns IV*").

In April 2015, DeVaughns filed a petition for post-conviction relief pursuant to R.C. 2953.21 and R.C. 2953.23, along with several other motions to supplement his petition. The petition and motions included claims of ineffective assistance of counsel and prosecutorial misconduct. Specifically, DeVaughns argued that his trial counsel failed to properly object to the admissibility of certain blood evidence and that the prosecutor offered into evidence and discussed during closing argument inadmissible

blood evidence. The trial court denied DeVaughns' petition on grounds that it was untimely and that his allegations "do not address complaints outside the record that could not be attacked on direct appeal." On June 30, 2015, DeVaughns appealed that ruling, but then voluntarily dismissed the appeal. Decision and Final Judgment Entry (Feb. 19, 2016), 2d Dist. Montgomery App. Case No. 26745.

On February 18, 2016, DeVaughns filed another petition for post-conviction relief, wherein he asked the trial court to set aside his conviction. Specifically, DeVaughns argued that there was evidence of blood on various items in his apartment, but the record did not identify the identity of the person whose blood was found, as no DNA testing had been requested on the blood samples. DeVaughns further indicated that certain testimony about the blood was "indiscernible" in the trial transcript and that the "identity and/or identities of the State's (DNA) evidence used to convict [him]" was outside the trial court's record and unavailable. DeVaughns also claimed that the failure to identify the source of the blood deprived him of his right to confront witnesses, that his trial counsel was ineffective in failing to challenge the blood evidence, and that these circumstances warranted a new trial.

Approximately three weeks later, on March 7, 2016, DeVaughns filed a "motion" under R.C. 2953.21 and R.C. 2953.23, arguing that the State had failed to respond to his petition for post-conviction relief, and therefore, had conceded the facts in his petition. In response, the State filed an

opposing memorandum arguing that the claims in DeVaughns' petition were untimely and barred by the doctrine of res judicata. The trial court agreed with the State. Therefore, on March 30, 2016, the trial court issued a decision overruling DeVaughns' petition for post-conviction relief on the basis of res judicata. Not satisfied with the trial court's decision, DeVaughns once again appealed to this court.

On appeal, we found that DeVaughns' petition was successive and untimely, and that he failed to establish that he was unavoidably prevented from discovering the facts upon which his claim was based. Specifically, we found that DeVaughns knew, from being present at his trial, that the blood evidence was offered at trial and that it was not DNA tested. We also found that DeVaughns was aware of his trial counsel's statements to the trial court concerning the admissibility of the blood evidence, and therefore, he could have raised his counsel's alleged ineffectiveness in his direct appeal. Accordingly, we affirmed the judgment of the trial court overruling DeVaughns' petition for post-conviction relief. *State v. DeVaughns*, 2017-Ohio-475, 84 N.E.3d 332 (2d Dist.) ("*DeVaughns V*").

Two days before our decision was released in *DeVaughns V*, on February 8, 2017, DeVaughns filed yet another pro se Crim.R. 33 motion for new trial. The motion raised the same argument that was raised in his prior petition for post-conviction relief; namely, that the State's purported failure to identify the source of the blood evidence used at trial deprived him of his right to confront his accusers. The State filed an opposing

memorandum in response arguing that DeVaughns' claim was barred by res judicata. DeVaughns thereafter filed a reply to the State's memorandum, followed by two additional pro se motions filed on June 21, 2017, and July 5, 2017, which requested the trial court to allow him to depose the source of the blood evidence and to "exculpate testimony" regarding the blood evidence.

On August 15, 2017, the trial court issued a decision overruling all three of DeVaughns' pending motions. In doing so, the trial court analyzed the motions under Crim.R. 33 and found that they were untimely and not filed on the basis of newly discovered evidence. The trial court also determined that the motions were barred by the doctrine of res judicata.

*DeVaughns VI* at ¶ 2-13.

{¶ 3} DeVaughns appealed, and we affirmed the trial court's order in an opinion issued on April 13, 2018. *DeVaughns VI.* Specifically, we held that the trial court did not abuse its discretion in overruling DeVaughns' Crim.R. 33 motion for new trial, as the motion was untimely, he failed to provide clear and convincing proof that he was unavoidably prevented from timely filing the motion, and the blood evidence issue was barred by res judicata. Additionally, we found that DeVaughns' challenge to our decision in one of his prior appeals was not properly before us. Rather, we held that DeVaughns' recourse had been to seek reconsideration pursuant to App.R. 26(A), or to seek relief in the Ohio Supreme Court.

{¶ 4} Thereafter, on November 5, 2018, DeVaughns filed a motion in the trial court for leave to file a motion for new trial pursuant to Crim.R. 33(A)(6), in which he alleged

that the identity of the individual whose blood was used as evidence at trial had been discovered.   In support of his motion, DeVaughns attached portions of documents from mandamus actions[1] that he had filed against the trial court and the prosecutor's office. We note that in his motion, DeVaughns failed to provide any facts regarding how he was unavoidably prevented from discovering the individual's identity, assuming his allegation had merit.   On November 16, 2018, DeVaughns filed a memorandum captioned "In Pursuant to Criminal Rule 33(A)(6) Affidavit of the (Post-Trial Discovered Witness)," wherein he asserted that the blood evidence used at trial existed before the conduct that served as the basis for his convictions.

{¶ 5} On January 7, 2019, the trial court denied DeVaughns' motion for leave to file a motion for new trial.   Specifically, the trial court held that more than 120 days had passed since DeVaughns had allegedly discovered his "new evidence." Entry Denying Motion for Leave, p. 2.   The trial court further found that DeVaughns' statements were mere allegations and that the documents he attached to his motion did not provide any support for his argument.   Finally, the trial court held that DeVaughns did not present any new evidence that reasonable diligence would not have produced at trial.

{¶ 6} It is from this decision that DeVaughns now appeals.

{¶ 7} Because they are interrelated, we will discuss DeVaughns' first four assignments of error together:

UNAVOIDABLY PREVENTED FROM DISCOVERY OF HIS NEW

---

[1] DeVaughns filed petitions for writs of mandamus against the trial court and against the prosecutor in his case, both of which we dismissed on September 26, 2018.   *See State ex rel. DeVaughns v. Singer*, 2d Dist. Montgomery No. 27925, and *State ex rel. DeVaughns v. Dodd*, 2d Dist. Montgomery No. 27934. DeVaughns' motions for reconsideration of these dismissals were denied on October 29, 2018.

EVIDENCE WITHIN 120 DAYS AFTER THE VERDICT WAS RENDERED IN HIS TRIAL REPRESENTS A QUESTION OF FACT. THE TRIAL COURT "CANNOT" MAKE A FINDING OF FACT ON THE ISSUE WITHOUT HOLDING A HEARING.

THE COURT MAY "NOT" CONSIDER THE MERITS OF A MOTION FOR NEW TRIAL UNLESS IT MAKES A FINDING OF "UNAVOIDABLY PREVENTED."

[A] DEFENDANT IS ENTITLED TO A HEARING ON HIS MOTION FOR LEAVE OF COURT IF [HE] SUBMITS DOCUMENTS THAT ON THEIR FACE SUPPORT HIS CLAIM THAT HE WAS "UNAVOIDABLY PREVENTED."

A DEFENDANT ON MOTION FOR LEAVE OF COURT TO FILE A NEW TRIAL MOTION IS "ONLY" REQUESTED TO ESTABLISH BY CLEAR AND CONVINCING EVIDENCE HE OR SHE WAS "UNAVOIDABLY PREVENTED" FROM DISCOVERY OF THE EVIDENCE HE OR SHE RELIES UPON WITHIN THE 120 DAY PERIOD AFTER RETURN OF THE TRIAL VERDICT.

{¶ 8} In the foregoing assignments, DeVaughns contends that the trial court erred when it denied his motion for leave to file a motion for new trial pursuant to Crim.R. 33(A)(6).

{¶ 9} Crim.R. 33 provides in relevant part as follows:

(A) A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

\* \* \*

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

\* \* \*

(B) Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 10} As this Court has previously noted:

    \* \* \* To seek a new trial based on new evidence more than 120 days after the verdict, a petitioner "must first file a motion for leave, showing

by 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion." ' * * *   " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " [*State v. Parker*,   178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16], quoting *State v. Walden* (1984), 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859.

*State v. Wilson*, 2d Dist. Montgomery No. 23247, 2009-Ohio-7035, ¶ 8.

{¶ 11} Regarding a hearing on a motion for leave to file a motion for a new trial, this Court has further noted:

* * * We have held that a defendant is entitled to such a hearing if he submits "documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence" at issue. *State v. York* [2d Dist. Greene No. 99-CA-54, 2000 WL 192433 (Feb. 18, 2000)], citing *State v. Wright* (1990), 67 Ohio App.3d 827, 828 * * * (finding affidavits sufficient to warrant a hearing on whether the defendant was unavoidably prevented from discovering the facts upon which his request for a new trial relied).   Notably, the documents at issue in *York* and *Wright* were affidavits from prosecution witnesses recanting their trial testimony against the defendant.

*State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d

Dist.).

{¶ 12} In order to file a motion for new trial after the expiration of the time periods specified in Crim.R. 33(B), a defendant must first seek leave of the trial court to file a delayed motion. *State v. Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, ¶ 15, citing *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002 WL 1585663, *2 (July 19, 2002); *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.).   "To obtain leave, defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B)." (Citations omitted.) *Warwick* at *2.   "A defendant is entitled to a hearing on a motion for leave to seek a new trial if he submits documents that on their face support his claim of being unavoidably prevented from meeting Crim.R. 33's time requirement." *State v. Hiler*, 2d Dist. Montgomery No. 27364, 2017-Ohio-7636, ¶ 12, citing *Lanier* at ¶ 16.

{¶ 13} " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Parker* at ¶ 16, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). "[A] defendant fails to demonstrate that he or she was unavoidably prevented from discovering new evidence when he would have discovered that information earlier had he or she exercised due diligence and some effort." *State v. Lenoir*, 2d Dist. Montgomery No. 26846, 2016-Ohio-4981, ¶ 24, citing *State v. Metcalf*, 2d Dist. Montgomery No. 26101, 2015-Ohio-3507, ¶ 11.

{¶ 14} Normally, "[w]e review a trial court's ruling on a Crim.R. 33 motion for an abuse of discretion." *State v. Thompson*, 2d Dist. Montgomery No. 25016, 2012-Ohio-4862, ¶ 7. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 15} As previously noted, DeVaughns sought leave to file a motion for new trial based on newly discovered evidence, i.e., allegedly new blood evidence that would somehow exonerate him. However, any issue regarding the blood evidence has already been decided by this Court, and is therefore barred by the law of the case doctrine. *See DeVaughns VI* at ¶ 20-21. The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. * * * However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." (Citations omitted.) *Id.*

{¶ 16} In the instant case, we have already decided that DeVaughns is not entitled to a new trial based upon the fact that no DNA testing was performed on the blood evidence at trial. *DeVaughns VI* at ¶ 20-21. Thus, any issue with respect to the blood evidence has already been raised or could have been raised by DeVaughns at an earlier

stage in the proceedings. DeVaughns has not established that we overlooked any issues in his case or that the circumstances have changed, thus requiring that we not apply the law of the case doctrine in this instance. Simply put, the law of the case mandates that the blood evidence issues raised by DeVaughns do not entitle him to a new trial.

{¶ 17} In his motion for leave to file a motion for a new trial, DeVaughns claims that he has new evidence in the form of DNA results from the blood evidence used at trial. Essentially, DeVaughns argues that the DNA results would either implicate someone else for the offenses of which he was convicted, or the results would establish that the blood belonged to someone not involved in the case at all. DeVaughns' bases his belief in the existence of the DNA test results on a misreading of statements made by the trial court and the assistant prosecutor in their respective motions to dismiss his mandamus actions against them. Specifically, DeVaughns asserts that the trial court and the assistant prosecutor acknowledged the existence of the DNA results when their motions to dismiss stated, "Identifications of the State's 'Blood on it' Witness ('HAS ALREADY BEEN PERFORMED')." Motion for Leave (Nov. 5, 2018), p. 3. As noted by the State, DeVaughns attached portions of the mandamus respondents' motions to dismiss, but failed to attach those portions of the motions that contained the language he quoted.

{¶ 18} Furthermore, the language he quoted was not an admission by the respondents. Rather, the language used by the respondents in their motions to dismiss was a quote from an Ohio Supreme Court case: "neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. DeVaughns v. Singer*, 2d Dist. Montgomery No. 27925 (Motion to Dismiss, April 20,

2018); *State ex rel. DeVaughns v. Dodd*, 2d Dist. Montgomery No. 27934 (Motion to Dismiss, April 20, 2018); both quoting *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998). In the instant case, the respondents have never claimed to have any DNA test results, and there is no language in the respondents' motions to dismiss which establishes that anyone has performed DNA testing on the blood evidence submitted at trial.

{¶ 19} We also conclude that the blood evidence issue raised in DeVaughns' motion for leave to file a motion for new trial was barred by the doctrine of res judicata, as he could have raised that issue in his direct appeal and raised similar issues other post-convictions motions. *See State v. Videen*, 2d Dist. Montgomery No. 27479, 2017-Ohio-8608, ¶ 20, citing *State v. Russell*, 10th Dist. Franklin No. 04AP-1149, 2005-Ohio-4063, ¶ 6-7 (finding res judicata barred appellant from raising issues in his motion for new trial that could have been raised in his direct appeal). Accordingly, the trial court did not err when it denied DeVaughns' motion for leave to file a motion for new trial.

{¶ 20} DeVaughns' first four assignments of error are overruled.

{¶ 21} DeVaughns' fifth and final assignment of error is as follows:

THE SIXTH AMENDMENT GIVES A DEFENDANT A RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ON HIS FIRST DIRECT APPEAL. A FIRST APPEAL AS OF RIGHT IS NOT ADJUDICATED IN ACCORD WITH DUE PROCESS IF THE APPELLANT DOES NOT HAVE EFFECTIVE ASSISTANCE OF AN ATTORNEY.

{¶ 22} DeVaughns argues that he received ineffective assistance of trial counsel and ineffective assistance of appellate counsel on direct appeal.

{¶ 23} In order to establish ineffective assistance of counsel, DeVaughns must establish that his trial counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). With respect to deficiency, DeVaughns must show that his counsel's performance "fell below an objective standard of reasonableness." *Strickland* at 688. With respect to prejudice, DeVaughns must show that there is a reasonable probability that but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. *Id.* at 694.

{¶ 24} Initially, we note that DeVaughns could have raised arguments regarding his trial counsel's alleged ineffectiveness in his direct appeal. Accordingly, in this respect, DeVaughns' argument is barred by res judicata. "Any ineffective assistance claim relating to matters contained within the record should be brought through a direct appeal." *State v. Lane*, 2d Dist. Greene No. 2014-CA-54, 2015-Ohio-2712, ¶ 13, citing *State v. Wilson*, 2d Dist. Montgomery No. 23129, 2013-Ohio-180, ¶ 47-48. " 'If an alleged constitutional error [such as ineffective assistance of counsel] could have been raised and fully litigated on direct appeal, the issue is res judicata and may not be litigated in a post[-]conviction proceeding.' " *Id.*, quoting *State v. Franklin*, 2d Dist. Montgomery No. 19041, 2002-Ohio-2370, ¶ 9, citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶ 25} With respect to DeVaughns' argument that his prior appellate counsel was ineffective on direct appeal, the proper remedy would be to seek to reopen his direct appeal. A claim of ineffective assistance of appellate counsel is not cognizable in a post-conviction proceeding. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992),

paragraph one of the syllabus. Thus, DeVaughns' claim of ineffective assistance of appellate counsel is likewise barred by res judicata. App.R. 26(B) permits a court of appeals to consider ineffective assistance of appellate counsel claims by motion filed 90 days after journalization of the judgment of the appellate court.

{¶ 26} We further conclude that to the extent DeVaughns contends that his appellate counsel was ineffective in his performance on remand, DeVaughns' argument is without merit. With the exception of matters outside the scope of his direct appeal, DeVaughns claims that his appellate counsel "refused to appear" and "refused to assist appellant." DeVaughns fails to argue any specific deficient performance on the part of appellate counsel. Additionally, as previously stated, appellate counsel won a limited remand for DeVaughns for resentencing on direct appeal. Therefore, DeVaughns' claims regarding ineffective assistance are without merit.

{¶ 27} DeVaughns' fifth assignment of error is overruled.

{¶ 28} All of DeVaughn's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Christopher A. DeVaughns
Hon. Gregory Singer