[Cite as *State v. DeVaughns*, 2021-Ohio-3371.]


**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**


STATE OF OHIO                                    :
                                                 :
        Plaintiff-Appellee                       :        Appellate Case No. 29113
                                                 :
v.                                               :        Trial Court Case No. 2006-CR-843
                                                 :
CHRISTOPHER A. DEVAUGHNS                          :        (Criminal Appeal from
                                                 :        Common Pleas Court)
        Defendant-Appellant                      :
                                                 :


. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of September, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHRISTOPHER A. DEVAUGHNS, #A525-249, P.O. Box 69, London, Ohio 43140
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Christopher A. DeVaughns appeals from the trial court's denial of three motions that he had filed pro se, which generally related to the existence of plain error, witnesses' competency, and a presentence investigation. We affirm the judgment of the trial court.

{¶ 2} The facts surrounding DeVaughns's convictions were set forth in our previous opinion in *State v. DeVaughns,* 2d Dist. Montgomery No. 21654, 2007-Ohio-3455, ¶ 1-4. Therein, we affirmed DeVaughns's convictions for felonious assault and kidnapping, but we remanded the matter for resentencing because the court had not afforded DeVaughns an opportunity to speak on his own behalf at sentencing. *Id.* at ¶ 36. The trial court imposed an aggregate sentence of 18 years.

{¶ 3} On December 8, 2020, DeVaughns filed a motion in the trial court asserting error at trial as follows:

> * * * [T]he attached documents (Exhibits 1-7 of the attached appendix) are of the Defendant's misbeliefs that the Identity of the "<u>BLOOD ON IT</u>" evidence to convict had already been identified; however, the identity whatof [sic], in violation of Crim.R. 16, is being withheld. To wit: Discovered at time of Recent appeal 2020-CA-28370[1]
>
> * * * For reasons of gross ineffective assistance of appointed appellate counsel, at [the] time of Defendant's direct appeal * * * The Defendant is asking this Court to find that appointed counsel, many years experienced, allowed the State's "Blood on it" evidence inadmissible, to be presented to the Defendant's Trial Jury; resulting, pursuant Crim.R. 52(B)

---

[1] *State v. DeVaughns*, 2d Dist. Montgomery No. 28370, 2020-Ohio-2850.

PLAIN ERROR – REVERSIBLE ERROR.

{¶ 4} On December 9, 2020, DeVaughns filed a motion asking the trial court, "pursuant to Evid.R. 601(A): to find that the testimony given while experiencing heavy influences of heroin and crack-cocaine, self-admittedly, of the State's sole Plaintiff, Lynelle V. Moore, to be inadmissible pursuant Ohio Evid. R. 601 (A)." We note that Evid.R. 601 sets forth a general rule of competency for witnesses.

{¶ 5} Finally, on January 5, 2021, DeVaughns filed a "motion to remand," asserting that, at his resentencing on remand, his trial and appellate counsel "were self-made unavailable to the trial court and to the Defendant." He seemed to ask to be resentenced again, with defense counsel required to appear. DeVaughns's motion relied on R.C. 2951.03(B)(2), which provides: "Prior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report." Devaughns attached a portion of our opinion in *State v. DeVaughns*, 2d Dist. Montgomery No. 22349, 2008-Ohio-4010. In that appeal from DeVaughns's resentencing, we held that "no reasonable argument can be made that the trial court erred by proceeding with the re-sentencing hearing, because the record reflects that Devaughns voluntarily chose to proceed with [an associate of his original appellate counsel] representing him at the hearing." *Id.* at ¶ 30.

{¶ 6} In its decision overruling all of DeVaughns's motions, the trial court simply stated that the motions were "not well taken."

{¶ 7} DeVaughns asserts two issues for review in his brief. In his first argument,

he asserts that one of the witnesses at his trial, Lynelle Moore, was under the influence of drugs when she testified against him, that her testimony was accordingly inadmissible, and that he received ineffective assistance of appellate counsel. In his second argument, DeVaughns asserts that, at the time of the kidnapping of which he was convicted, "else where" and had an exculpatory alibi.[2] DeVaughns does not raise any argument with respect to the denial of his first motion.

{¶ 8} The State responds that DeVaughns's claims in this appeal are barred by res judicata and by the law of the case. The State directs our attention to *State v. DeVaughns*, 2d Dist. Montgomery No. 24631, 2012-Ohio-5791, and *State v. DeVaughns,* 2d Dist. Montgomery No. 27727, 2018-Ohio-1421. We agree with the State.

{¶ 9} In *State v. Devaughns*, 2d Dist. Montgomery No. 24631, 2012-Ohio-5791, ¶ 8, we stated:

> * * * Devaughns herein for the first time asserts multiple arguments related to his trial. For example, his second, third, fourth, eighth and tenth assigned errors are directed to the trial testimony of the victim herein, Lynelle Moore, and her sister, Katrina Moore, whose credibility Devaughns contests.[3] Devaughns' fifth assignment of error is addressed to the trial court's failure to instruct the jury regarding his purported alibi. In his seventh assigned error, he asserts that "blood samples" admitted at trial

---

[2] We note that DeVaughns did not raise the issue of his alleged alibi defense in the motions he filed in the trial court.

[3] These assigned errors were identified as follows: "Lynelle Moore, Katrina Moore Brooks, Under the Influence of Drugs"; "Perjured Testimony, State Witness, Lynelle Moore"; "Assistant Prosecutor Failed to Correct Perjured Testimony"; "Perjury Ohio Revised Code R.C. 2921.11(a)"; and "Witness Misconduct, Complaining State Witness, Lynelle Moore."

were inadmissible. In his ninth assignment of error, he asserts that "juror misconduct" occurred. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Devaughns' second, third, fourth, fifth, seventh, eighth, ninth and tenth assigned errors are barred by the doctrine of res judicata and overruled.

(Footnote added.)

{¶ 10} In *State v. DeVaughns*, 2018-Ohio-1421, we held that "the blood evidence issue raised in DeVaughns' motion for new trial was barred by the doctrine of res judicata, as he could have raised that issue in his direct appeal and raised similar issues" in *State v. DeVaughns*, 2d Dist. Montgomery No. 24631, 2012-Ohio-5791, and *State v. DeVaughns*, 2017-Ohio-475, 84 N.E.3d 332 (2d Dist.). *Id.* at ¶ 21. We also concluded that our decision in *State v. DeVaughns*, 2d Dist. Montgomery No. 23720, 2011-Ohio-125, "remain[ed] the law of the case, thus rendering any challenge DeVaughns may have

to that decision without merit."[4]  *DeVaughns*, 2d Dist. Montgomery No. 27727, 2018-Ohio-1421, ¶ 24.   In *DeVaughns,* 2d Dist. Montgomery No. 23720, 2011-Ohio-125, we stated that a witness letter stating that DeVaughns picked up his child from a daycare facility while he was allegedly restraining Moore was not newly discovered evidence warranting a new trial, and that the substance of the letter was admitted as a stipulation at the original trial.   *Id.* at ¶ 22-23.

{¶ 11} As the State correctly asserts, this Court has previously addressed all of DeVaughns's arguments and rejected them; they were thus barred by the doctrines of res judicata and the law of the case. The trial court properly overruled his motions.

{¶ 12} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Christopher A. DeVaughns
Hon. Gregory F. Singer

---

[4] "The law of the case doctrine 'provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' "   *State v. DeVaughns*, 2d Dist. Montgomery No. 28370, 2020-Ohio-2850, ¶ 15, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984) ("DeVaughns sought leave to file a motion for new trial based on newly discovered evidence, i.e., allegedly new blood evidence that would somehow exonerate him.   However, any issue regarding the blood evidence has already been decided by this Court, and is therefore barred by the law of the case doctrine.")